[No. 2317, Decided November 30, 1896.]

A. R. TITLOW, *Receiver, Respondent*, v. CASCADE OAT MEAL COMPANY *et al., Defendants*, N. C. RICHARDS, *Administrator, Appellant.*

FRAUDULENT CONVEYANCE — ACTION TO SET ASIDE — SUFFICIENCY OF COMPLAINT — ACTION BY RECEIVER — PROOF OF AUTHORITY.

Technical objections to the form rather than to the substance of a pleading alleging fraud will be disregarded after judgment, when the case has been fully tried upon the issue.

In an action by a receiver, failure to introduce in evidence the order appointing him will not entitle defendant to a non-suit, when the plaintiff testifies without objection that he is such receiver, and the action is instituted in the court which had appointed him receiver, and there is no showing of want of authority to bring suit.

Appeal from Superior Court, Pierce County.— Hon. JOHN C. STALLCUP, Judge. Affirmed.

*Richard Saxe Jones*, for appellant.

*Bogle & Richardson*, and *A. R. Titlow*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to set aside an

alleged fraudulent transfer of a mortgage given by the Cascade Oat Meal Company to the Tacoma Trust and Savings Bank, and assigned by the bank to appellant Richards as administrator of the estate of David C. Humphreys. A decree was rendered in favor of the plaintiff, and said administrator has appealed.

It is first contended that the court erred in refusing to grant the appellant's motion for a judgment on the pleadings on the ground of the insufficiency of the allegations of fraud. The objections raised relate more to the form than the substance of the allegations, and as the case was fully tried upon that issue technical questions not now affecting the merits will not be regarded.

It is next contended that the court erred in refusing to grant the appellant's motion to dismiss the cause on the ground that there was no proof of the plaintiff's authority to sue, but it appears that the plaintiff testified that he was receiver of the Tacoma Trust and Savings bank and of the Bank of Tacoma, and this testimony was given without any objection, and the appellant will not now be heard to question its competency and to urge that the order appointing him should have been introduced in evidence. As receiver the plaintiff *prima facie* had authority to bring the action under § 331, Code Proc., and, as the action was brought and prosecuted to judgment in the court which had appointed him receiver, it was clearly under the control of the court. There was no counter-showing as to the authority of the receiver to bring suit.

The appellant most strongly contends that the case should be decided otherwise on the merits, but after considering the arguments of counsel and examining the evidence, we are of the opinion that the findings

of the court are well supported and entitle the plaintiff to the relief given.

Affirmed.

DUNBAR and ANDERS, JJ., concur.