[No. 2317.  Decided April 2, 1897.]

A. R. TITLOW, *as Receiver, Respondent*, v. CASCADE OATMEAL COMPANY *et al., Defendants*, N. C. RICHARDS, *as Administrator, Appellant*.

APPEAL — POWER OF SUPREME COURT TO RECALL REMITTITUR — CORRECTING JUDGMENT — LIABILITY ON APPEAL BOND.

The supreme court has power to recall a remittitur, after its filing in the superior court, for the purpose of enforcing the judgment in accordance with the decision of the court.

A motion to correct the judgment of the supreme court may properly be made without first recalling the remittitur transmitting the judgment to the lower court, such motion being equivalent to a recall of the remittitur.

An appeal from a portion only of a judgment by a party against whom no money judgment was rendered will not subject the appellant and the sureties on his appeal bond to liability, on affirmance of judgment, to pay the whole of the judgment, since Laws 1893, p. 131, § 23, providing that on affirmance of judgment the supreme court shall render judgment against the appellant and his sureties for the amount of the judgment appealed from, must be construed as applying to an affirmance of that part of the judgment only from which appeal is taken.

Appeal from Superior Court, Pierce County.—Hon. JOHN C. STALLCUP, Judge.

Motion by respondent to modify judgment on appeal heretofore rendered (15 Wash. 652), for the purpose of having it entered against appellant and sureties for the full amount of the judgment affirmed. Motion denied.

*Richard Saxe Jones,* for appellant.

*Bogle & Richardson,* and *A. R. Titlow,* for respondent.

ON MOTION TO MODIFY JUDGMENT.

The opinion of the court was delivered by

DUNBAR, J.—The Bank of Tacoma and the Tacoma Trust & Savings Bank held a note for $18,500 against the Cascade Oatmeal Company, secured by a mortgage upon certain real estate. Prior to the failure of the Bank of Tacoma they transferred and assigned this note and mortgage to appellant, N. C. Richards, as administrator of the estate of one Humphreys, in payment of an alleged indebtedness of the bank to him. The respondent Titlow, as receiver of the bank, instituted this action, alleging fraud in the assignment and transfer of the note and mortgage, and praying that it be set aside; that his right to the note and mortgage, as receiver, be established, and for a decree of foreclosure. After answer by Richards and a trial on the issues made by said answer, the trial court decreed in accordance with the prayer of the complaint and gave the respondent judgment against the Cascade Oatmeal Company for the amount of the balance due on the note, and decreed foreclosure in the usual form. From a portion of this decree Richards appealed. The judgment of the lower court was affirmed by this court on appeal (15 Wash. 652, 47 Pac. 19), and judgment was entered in favor of the

respondent Titlow and against Richards and his sureties for the costs of the appeal. The respondent now seeks by this motion to have the judgment modified to the extent that judgment be entered against the appellant Richards and his sureties for the full amount of the judgment affirmed.

An objection to this motion is made by the appellant to the effect that this court has lost jurisdiction of the cause and of the judgment by reason of the remittitur having been transmitted to, and filed in, the superior court. We think this objection is untenable. The appellate court has inherent power to correct its judgment during the terms in which the judgment was entered. The respondent, under our practice, has no notice of what the judgment is until it is remitted. The presumption must be that the judgment is entered in accordance with the opinion of the court, and it would be a hard and unjust rule to announce that, if by inadvertence or mistake the judgment should be entered not in conformity with the opinion, the respondent would have no redress. We think that in all jurisdictions, under a practice similar to ours, the court has power to recall the remittitur and enforce the judgment according to the opinion rendered in the case.

The other objection is still more technical, viz., that in any event the remittitur must be recalled before a motion is made to correct the judgment, for in effect the motion to correct the judgment is a motion to recall the remittitur.

On the merits, however, we think the motion must be denied. A bond is given on the theory of compensation in damages, and not on the theory of an arbitrary payment of the amount of the bond in case of affirmation of the judgment. The appellate court

TITLOW v. CASCADE OATMEAL CO.        679

April, 1897.]        Opinion of the Court — Dunbar. J.

determines the damages, and of course when the appeal is from a money judgment the damages might be said to be liquidated, and in case the judgment is affirmed in whole there is nothing left to be determined by the appellate court, so far as the amount of damages is concerned. But it frequently happens that judgments for money are affirmed only in part, and the sureties in that case of course are called upon to respond only to the amount of the judgment affirmed.

The respondent bases his right to the modification of this judgment upon *State ex rel. Commercial National Bank v. Superior Court of King County*, 14 Wash. 365 (44 Pac. 859), and upon the statute construed in that case (Laws 1893, p. 131, § 23), which provides that "upon the affirmance of a judgment on appeal for the payment of money, the supreme court shall render judgment against both the appellant and his sureties in the appeal bond for the amount of the judgment appealed from (in case the bond was conditioned so as to support such judgment), and for the damages and costs awarded on the appeal." It is true that in that case it was held that a judgment of foreclosure was a judgment for the payment of money, and that the bond must be executed in double the amount of the judgment, and that the court had no authority to fix the amount of such bond. But the real question involved in this case was not involved in that one. All that was decided there was that in such a case the statutory bond, viz., a bond in double the amount of the judgment, must be executed in order to stay the execution. But it was not decided that, upon the affirmance of the judgment, the respondent, in case he succeeded, should have judgment against the sureties and the appellant for the full

amount of the judgment affirmed.  That case was an application to this court to compel the court to fix the amount of the bond, and it went no further than that.  It is true that a strict construction of the statute might support the respondent's contention.  But it seems to us that it would be too narrow a construction to hold that a party who desired to appeal from any portion of the judgment must be held responsible on his bond for the full amount of the judgment rendered in the court below, for which he was in no way responsible before the appeal was taken.  To be sure, the appellant stays the proceedings, but it may be necessary for him to do that to preserve the fruits of his appeal, should he succeed.

The money judgment in this case was not rendered against appellant Richards, and from that portion of the judgment he does not appeal.  But his appeal is substantially from the judgment of the court that the note and mortgage were fraudulently transferred to him by the other defendant.  Incidentally, to preserve his rights, it was necessary for him to appeal from all that portion of the judgment which directed a sale of the mortgaged premises and the application of the moneys arising from such sale.  So that this case does not fall within the provision of the statute which provides for the affirmance of the judgment, because the statute provides that the judgment shall be entered against the sureties in the appeal bond for the amount of the judgment appealed from *in case the bond was conditioned so as to support such judgment.*  This bond is plainly not so conditioned because, as we have before said, the judgment for the deficiency was not appealed from.

This is not inconsistent with what was decided in *State, ex rel Bank, v. Superior Court, supra,* for the rea-

son that the statutory bond might be necessary to reimburse the respondent for his damages.   There is no doubt that the respondent would have an action on this bond for any damages which he sustained by reason of the delay caused by the appeal and the stay of proceedings, and, while ordinarily perhaps a smaller bond would be adequate, many contingencies might arise, such as the depreciation of the mortgaged premises, the destruction by fire or flood or other elements, which would render them comparatively valueless, and in such case doubtless a bond of the same amount might be necessary as in a direct appeal from a money judgment by the party against whom the judgment was rendered.·

The motion will be denied.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

GORDON, J., concurs in the result.