[No. 9618.    Department One.    November· 21, 1911.]

## T. W. McDERMOTT, *Appellant*, v. F. X. McLELLAN COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MAS-
TER—SAFE PLACE TO WORK. A contractor for street grading is not
liable to the driver of a team engaged in plowing the street, who was
injured by the plow's striking a stringer .buried in the street on
which planking had rested, where the planking and most of the
stringers had been removed by another under a permit from the
city, the accident occurred on the first day of the work, and the
stringers left in the street were concealed and covered by dirt.

Appeal from a judgment of the superior court for King
county, Main, J., entered November 9, 1910, in favor of the
defendant, upon withdrawing the case from the consideration
of the jury, in an action for personal injuries sustained by
an employee engaged in grading a street.    Affirmed.

*James T. Lawler*, for appellant.

*Roberts, Battle, Hulbert & Tennant*, and *George L. Spirk*,
for respondent.

Gose, J.—This is a suit to recover damages for personal
injuries.    The defendant prevailed in the lower court, and
the plaintiff has appealed.

The essential facts are as follows: ˙ The appellant was
employed by one Moreland to drive one of several teams
which the latter had hired to the respondent.    At the time
of the happening of the accident, the respondent was en-
gaged in plowing the south side of Jackson street, in the
city of Seattle, preparatory to grading and paving it.    Some
two months earlier, it had taken a contract from the city to
do certain grading and paving, including the street where
the appellant was injured.    The street was planked when the
respondent took the contract.    Three teams, or six horses,

[1]Reported in 118 Pac. 884.

were attached to the plow, with a driver for each team. The appellant was driving the wheel team, and was working subject to the direction of the respondent, when he sustained the injury for which he seeks redress in this action. The appellant and his witnesses testified that the injury was caused by the plow striking a stringer upon which the plank had rested, causing the plow to be thrown out of the ground and against the appellant with great violence; that the stringer was sunken in the earth so that no one could see it; and that the plow had struck two covered stringers before the appellant was injured. The plank and the larger part of the stringers had been removed by a gas company a month or more before the accident, under a permit from the city, preparatory to its laying its pipes in the street. The city had carried away the plank for use at other points. The center of the street was occupied by a street car track.

When the respondent took its contract, it knew that the gas pipes, water pipes, sewer pipes, and sidewalk would be laid, and that the street car company would also do its work before the city would permit the respondent to take possession of the street. All of this work preceded the grading and paving. The respondent's contract did not provide for the removal of the plank. The respondent's manager had passed over the street many times before it commenced work on the street, saw that the planking had been removed, and did not see any stringers. Indeed, the appellant and his witnesses admit that the few stringers that were left were covered with several inches of earth, and that they could not be seen. The respondent did its first work on the street on the day the appellant received his injury. There is no evidence that any representative of the respondent was present when any of the stringers was struck. The appellant, and those working with him, had been sent to this street by the respondent's foreman, with directions to plow the street. Upon these facts, the court withdrew the case from the jury, and entered a judgment for the respondent.

The appellant insists that it was the duty of the respondent to furnish him a safe place to work, and that whether it exercised reasonable care to do so should have been submitted to the jury. The respondent contends that it violated no duty, and hence incurred no liability. We agree with the respondent's view. As we have pointed out, the gas company removed the planking under a permit from the city. The respondent knew this fact, and knew when it took the contract that the laying of the gas pipes, the water and sewer pipes, and the sidewalk, and the work of the street car company would precede it, and that it would not be permitted to enter upon its work until all these things had been done. When it entered upon its contract, the street was apparently clear and safe, and there was no duty upon it to dig up the earth to ascertain whether the gas company had removed the stringers upon which the planking rested. It had a right to assume that both the planking and its support had been taken up. There was nothing to indicate the contrary. So far as it is concerned, it can no more be held liable for artificial obstructions buried in the earth than for natural ones. The appellant concedes that the respondent is not liable for an injury resulting from the latter cause.

The appellant put the respondent's manager upon the witness stand, and drew from him a statement that he had testified in a former trial that the respondent received compensation for the removal of the planking. He later explained that all he meant to say was that, if the planking had not been removed by the gas company, but had been there when the respondent entered upon the performance of its contract, it would have had to remove it, but that it knew when it took the contract that it would be removed by others before it got permission to proceed with the work. The meaning of the witness is free from doubt. Moreover, he testified that the contract was to grade and pave, and that the contract contained no reference to the planking. At most, the statement relied upon was an erroneous deduction of the witness

as to the meaning of the terms of a contract which he had stated. We agree with the proposition of law advanced by the appellant, that it is error to take a case from the jury when there are questions of fact to be determined. In this case, however, the respondent violated no duty, and hence incurred no liability to the appellant.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.