[No. 12515.   Department Two.   December 8, 1915.]

GORDON L. SIMMONS, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, JEHIEL CHURCH et al., *Defendants.*[1]

DEEDS—CONSTRUCTION—RESERVATIONS. Where a railroad company had, by agreement with the purchasers, the right to remove gravel from lands under contract of sale, and subsequently conveyed the premises to the purchasers by warranty deed without mention of the gravel contract, the deed reconveyed all interest acquired under the gravel contract; and in continuing to remove the gravel, the company acted as a wrongdoer or mere licensee.

DEEDS—COVENANTS—RESERVATIONS—EFFECT AS TO STRANGERS. A deed from such purchasers to another, reciting that it was "subject to" the railroad contract for gravel, did not revive the company's right to remove the gravel, as the covenants ran only between the parties to the deed, and did not inure to the benefit of a stranger thereto.

APPEAL—PRESERVATION OF GROUNDS—COSTS. Error cannot be predicated on the failure to allow costs in an equitable action, where costs were not claimed below; costs not following the prevailing party in equity as a matter of right.

[1]Reported in 153 Pac. 321.

APPEAL—SUPERSEDEAS BOND—LIABILITY—APPELLANT NOT ORIGINAL-
LY LIABLE—JUDGMENT ON REMITTITUR. Where, upon the foreclosure
of a mortgage, a defendant not liable for the debt gave notice of ap-
peal from the judgment and the whole thereof, together with a super-
sedeas bond in the requisite amount and so conditioned as to stay
the whole judgment and to satisfy and perform the judgment ap-
pealed from in case it be affirmed, on affirmance the remittitur prop-
erly directs judgment against the appellant and its sureties for the
full amount of the debt, although it was not originally liable there-
for.

SAME—JUDGMENT—PAYMENT BY ONE DEFENDANT—SUBROGATION—
RIGHT OF. In such case, the appeal having been in good faith to
protect a supposed right, the appellant is not a mere volunteer, and
on payment of the judgment in full, is entitled to be subrogated to
plaintiff's rights in and to the specific lien of the judgment, with the
right to satisfy it by a sale of the property.

APPEAL—RIGHT TO ALLEGE ERROR—RESPONDENT. Respondent, not
having appealed, cannot urge error in the matter of the costs al-
lowed.

Appeal from a judgment of the superior court for Che-
halis county, Sheeks, J., entered September 10, 1914, in
favor of the plaintiff, in an action to foreclose a mortgage,
tried to the court. Affirmed.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appel-
lant.

*O. M. Nelson,* for respondent.

FULLERTON, J.—In April, 1914, the respondent, Gordon L.
Simmons, began this action in the superior court of Che-
halis county to foreclose a mortgage upon certain real prop-
erty situated therein, executed to him by Jehiel Church and
Lucy A. Church, his wife. He made parties defendant to
the action, in addition to the mortgagors, one S. A. Richard-
son and his wife, Nannie L. Richardson, and the Northern
Pacific Railway Company. The railway company alone ap-
peared and defended the action. It set up, first, a right of
way one hundred feet in width across the premises between cer-

tain termini, and second, a right to take and remove gravel from another part thereof. In its decree of foreclosure, the court exempted the right of way, but allowed a foreclosure against the asserted right to take and remove gravel. The railway company appeals.

The facts disclosed by the record are, in substance, these: On November 17, 1898, C. E. Burrows and A. P. Stockwell, then holding a contract of purchase of the mortgaged property, entered into an agreement with the Northern Pacific Railway Company, by the terms of which they granted to the railway company the right, privilege and license to remove gravel from all that part of the premises described in the respondent's mortgage which lies southwesterly of the county road running through the same. The right was to continue until all of the gravel that could be conveniently taken from the area described was removed, and was granted in consideration of a spur track to be put in the premises, connecting with the railway company's main line for the exclusive use of the grantors in their logging operations.

On March 27, 1899, the railway company deeded the premises to C. E. Burrows and A. P. Stockwell by warranty deed, reserving only the right of way 100 feet in width for its main track railroad as the same then extended across the premises. The deed recited that it was made in consideration of $1,150, and that the railway company had contracted to sell and convey the property to the grantees free from encumbrance for that price.

On June 7, 1900, C. E. Burrows and A. P. Stockwell, their wives joining in the instrument of conveyance, conveyed the property by warranty deed to Jehiel Church, for the consideration of $1,000, excepting therefrom the right of way of the railway company, and reciting that the "deed is subject to a contract to the Northern Pacific Railway Company dated the 17th day of November, 1898, which contract has this day been assigned to the grantee herein." On January

27, 1912, Jehiel Church and wife executed the mortgage which this action is brought to foreclose. The description of the mortgaged premises excepted the appellant's right of way, but made no mention of the contract referred to in the deed from Burrows and Stockwell to Church.

It was shown that the railway company commenced to remove gravel from the premises shortly after the agreement of March 17, 1898, was entered into, and that it had removed gravel therefrom from time to time ever since, removing some twenty-seven thousand yards in the year 1913; and that it had constructed a spur track from its main line to the gravel pit shortly after the execution of the agreement, which track had remained therein ever since. The respondent testified that, at the time of the execution of the mortgage, he had no knowledge that the appellant was removing gravel from the premises or had a spur track thereon, nor any personal knowledge of the contract between Burrows and Stockwell and the appellant relating to the gravel.

The trial court rested his decision on the ground that the railway company, by its deed of March 27, 1899, reconveyed to Burrows and Stockwell, the grantors of Church, all interest it had acquired in the premises in virtue of the previous agreement between itself and the grantors in that agreement, and that in continuing to remove gravel therefrom it was either a wrongdoer or mere licensee; that the reservation in the deed from Burrows and Stockwell to Church did not revive or restore the railway company's right to remove such gravel; that it was a stranger to that instrument, and that the covenants of the instrument ran between the parties only, and granted nothing to the railway company.

It has seemed to us that the reasoning of the trial judge is sound. Plainly, the deed from the railway company to Burrows and Stockwell cut off all rights it had acquired in or to the premises by reason of prior agreements or conveyances that were not specially excepted from its operation.

*Davis v. Bartz,* 65 Wash. 395, 118 Pac. 334; *Clifton v. Jackson Iron Co.,* 74 Mich. 183, 41 N. W. 891, 16 Am. St. 621. Thereafter, as the trial court concluded, it was without right in the premises, and its act in continuing to remove gravel thereafter therefrom was either wrongful or as a licensee. It makes no claim based on the statute of limitations, nor does it claim that the deed was executed by inadvertence or mistake capable of being corrected through the cognizance of equity. There is, therefore, no reason for supposing that the deed was not intended to define the existing rights of the parties in the premises.

This being true, the further conclusion of the court necessarily follows. The grantees in the deed, being vested thereby with the entire estate, could convey it in whole or in part to another, and if in such a conveyance any reservation was made in the property conveyed, the part reserved remains in the grantors therein, and does not inure to the benefit of a stranger to the instrument.

The appellant argues further:

"If the foregoing question should be determined against our contention, the defendant is still entitled to recover its costs.

"The mortgage to the plaintiff did not except the 100-foot right of way of the defendant, and it was necessary for the defendant to defend by setting up its interest in the right of way, which it did in its answer.

"The reply filed by the plaintiff did not admit defendant's ownership of the right of way, and the judgment as entered did not protect defendant's right of way until plaintiff filed a subsequent order modifying the original judgment."

But in causes of equitable cognizance, costs do not follow the prevailing party as matter of course. The party must make claim to costs and take the ruling of the trial court on his right to recover them, before error can be predicated on a failure to allow them in the appellate court. The record as presented to this court fails to show that costs were claimed

by the appellant in the court below.  This precludes a review of the question here.

The judgment is affirmed.

MORRIS, C. J., MAIN, and ELLIS, JJ., concur.

## ON MOTION TO CORRECT REMITTITUR.

[Decided March 18, 1916.]

ELLIS, J.—This case comes back to us on motion of appellant to recall and correct the remittitur.  The original decree awarded a judgment on default against the mortgagors, Church and wife, for $450 and interest, and a foreclosure of respondent's mortgage; a judgment against Richardson and wife, also on default, barring their alleged claim in the property; and a judgment against the railroad company, barring any interest in the mortgaged property except its right of way, and for costs amounting to $18.80. The decree was affirmed on appeal.  The remittitur contains the following:

"It is ordered that the said Gordon L. Simmons have and recover of and from the said Northern Pacific Railway Co. and from the National Surety Co. as surety the sum of Five Hundred Fifty Seven and 40-100 with legal interest thereon from August 10, 1914, until paid, and the costs of this action taxed and allowed at Forty Six and 90-100."

Notice of appeal, exclusive of caption and signature, was as follows:

"The above named plaintiff is hereby notified that the defendant, the Northern Pacific Railway Company, appeals to the supreme court of the state of Washington from the judgment entered in said cause in favor of the plaintiff on or about the 10th day of September, 1914, and as modified by order entered September 14, 1914."

The supersedeas bond, which is also conditioned as an appeal bond, is in the sum of $1,700, which—less the $200 security for costs—is more than double the amount of the money judgment.  This bond was executed by the appellant

railway company as principal and the National Surety Company as surety. It is conditioned as follows:

"The condition of this obligation is such, that whereas the defendant above named desires to appeal to the supreme court of the state of Washington from the judgment, and the whole and every part thereof, recovered and entered in the above court and cause in favor of the plaintiff and against the defendant, Northern Pacific Railway Company, on the 10th day of September, 1914, and modified by an order entered September 14, 1914.

"Now, therefore, if the above bounden principal shall pay to the said plaintiff above named all costs and damages that may be awarded against it on the appeal, or on the dismissal thereof, not exceeding the sum of $200, and shall satisfy and perform the judgment appealed from in case it shall be affirmed, and any judgment or order which the said supreme court may render or make, or order to be rendered or made by the above court, then this obligation shall be void, otherwise to remain in full force and effect."

Appellant contends, as was contended in *Rogers v. Minneapolis Threshing Machine Co.*, 48 Wash. 19, 92 Pac. 774, 95 Pac. 1014, that the record indicates that the appeal was taken merely to determine its rights in the land; that it therefore involved a part of the judgment only; that appellant was never personally liable for the debt secured by the mortgage, hence neither it nor its surety in the supersedeas bond should be subjected to a money judgment other than for costs. It is urged that the case is governed by the early decision in *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 676, 48 Pac. 406. In that case the contest was for title to the note and mortgage in suit, between the appellant Richards, who claimed as assignee from a bank, and Titlow, the receiver of the bank, who claimed that the assignment to Richards was in fraud of creditors. The title to the note was decreed to the receiver, and he was awarded a personal judgment against the maker of the note and a foreclosure of the mortgage. The original record in the *Titlow* case is not here, but it is pointed out in the briefs that:

"Richards took an appeal from so much of this decree as adjudicated that the transfer to him was void, and that Titlow as receiver was entitled to the note and mortgage and to foreclosure; to so much as directed a sale of the property by the sheriff; to so much as directed the sheriff to pay over the proceeds of the sale to the receiver; and to so much as decreed a foreclosure."

The receiver moved in this court for judgment on the supersedeas bond for the full amount of the money judgment. This court denied the motion, saying:

"It is true that a strict construction of the statute might support the respondent's contention. But it seems to us that it would be too narrow a construction to hold that a party who desired to appeal from any portion of the judgment must be held responsible on his bond for the full amount of the judgment rendered in the court below, for which he was in no way responsible before the appeal was taken. To be sure, the appellant stays the proceedings, but it may be necessary for him to do that to preserve the fruits of his appeal, should he succeed."

Plainly, the denial of the motion was because the appeal was not from the whole judgment. The appeal in the case before us was simply "from the judgment entered in favor of the plaintiff," not from any distinct part of it as in the *Titlow* case. It seems to us that this case is clearly ruled by the decision in *Rogers v. Minneapolis Threshing Machine Co., supra,* in which, though the appellant machine company was not originally liable for the money judgment, the remittitur directed a judgment on the supersedeas bond because the notice of appeal was from the whole judgment and not from any specific part of it.

The appellant here attempts to show that the *Titlow* case rather than the *Rogers* case, controls the case before us, by seeking a distinction between the *Titlow* case and the *Rogers* case, in that, in the latter, which involved a contest for priority between mortgages, the appellant was directly interested in the application of the proceeds of the sale of the

mortgaged premises. But so, also, was Richards, the appellant in the *Titlow* case, not only interested in the application of the proceeds of the sale, but he was claiming the right to the *entire proceeds* as owner of the mortgage itself. Obviously, the distinction sought to be made is a distinction without a material difference. The only real distinction is that expressly pointed out by this court in the *Rogers* case, where, speaking of the *Titlow* case, it is said:

"The appeal was, however, expressly taken from a portion of the judgment only, and any stay of proceedings which resulted was merely incidental thereto. Here, however, the appeal was expressly taken from the whole judgment, the amount of the bond necessary to stay the whole judgment was asked and fixed, and the bond upon its face shows that it was given for that purpose, a fact known at the time to both the appellant and its surety. The bond in all respects complies with the requirements of Bal. Code, § 6506 (P. C. § 1054) where it is sought to stay the whole judgment. The same section provides that, if it is intended to stay proceedings on only a part of the judgment, the bond shall be so varied as to secure the part stayed alone. Such was not done here, but proceedings under the whole judgment were entirely stayed. Respondents were not only precluded from effecting a sale of the mortgaged premises, but they were also prevented from enforcing their respective shares in the personal judgment by means of ordinary execution."

So here, the appeal was taken from the whole judgment, and the bond in terms recited that the appellant desired to appeal "from the judgment and the whole and every part thereof," and was conditioned in all respects as required by Rem. & Bal. Code, § 1722 (P. C. 81 § 1195; Bal. Code, § 6506), where it is sought to stay the whole judgment.

The appellant also seeks to point a distinction in that it was said in the *Rogers* case that respondents were precluded from issuing an ordinary execution. But it is obvious that they were so precluded only because the notice of appeal and the supersedeas bond stayed the whole judgment.

If these things had that effect in the *Rogers* case, plainly they have the same effect in this case. A close scrutiny of the two decisions demonstrates that there is no material distinction which can be found between the *Titlow* case and the *Rogers* case which does not exist, also, between the *Titlow* case and this case. Such a scrutiny also demonstrates that there is no sound distinction between the *Rogers* case and the case here. The fact that the notice of appeal was not served upon the defaulting defendants, Church and wife and Richardson and wife, is wholly immaterial. This is too plain to require argument.

Unless we are ready to overrule our decision in the *Rogers* case, we must decline to modify the remittitur in the particulars asked. But it does not follow that the appellant has no protection. When it pays this money judgment in full, with costs, it will not do so as a mere volunteer. The obligation to pay it was incurred in a *bona fide* effort to protect a supposed right. On plainest principles of equity it should, therefore, be subrogated, upon payment of the judgment, to the rights of the respondent in his judgment against Church and wife, and to the specific lien of that judgment upon the mortgaged property, with the right to subject that property to sale for the payment of the judgment to the same extent as the respondent would have had. The respondent is entitled to eight per cent interest against the appellant and its bondsman, as borne by the original judgment entered in the superior court on August 10, 1914. In these particulars, we hereby direct a modification of the remittitur.

The question of costs, suggested by respondent, is not before us. Respondent did not appeal.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.