[No. 4679–6–III.   Division Three.   March 29, 1983.]

CARL E. PITMAN, ET AL, *Respondents,* v. JIM
B. SWEENEY, ET AL, *Appellants.*

*Jack Doty* and *Robert S. Young III,* for appellants.

*Michael R. Tabler* and *David R. Hellyer,* for respondents.

ROE, C.J.—This appeal concerns an access easement. The parties own adjoining parcels of land. Pitman purchased his property in the spring of 1968 from Bonanza Ranches. Sweeney and Sylte (hereinafter Sweeney) purchased their

property from Turk in June 1969. The sale agreement between Turk and Sweeney included the following:

EXCEPT THEREFROM rights of way for roads, including road crossing from West to East.

Prior to Sweeney's purchase and for many years thereafter, plaintiff Pitman used a road located on the Sweeney parcel for access to his land. Although in June of 1977, Sweeney informed Pitman he could no longer use the road, Pitman continued to use it. In June 1978, Sweeney planted an orchard which blocked the road. In 1979, Pitman drove his mobile home through the orchard and destroyed several trees. Sweeney again told Pitman not to use the "road" and bulldozed the road in several places to make it impassable.

Pitman's suit to restore his use of the road was based on two theories. The first was that he had acquired rights from the Turk–Sweeney deed. The second theory involved prescriptive rights from continued use. Defendant's cross complaint requested compensation for the damaged trees. The trial court found there was an access easement appurtenant to Pitman's land based on the language in the Turk–Sweeney deed and Turk's testimony of his intent; the issue of prescriptive rights was not reached.

The defendant argues the court erred in finding Pitman has a valid access easement across the Sweeney property as a result of the Turk–Sweeney deed. Pitman was not a party to the Turk–Sweeney deed. The majority rule is that a reservation or exception in a deed cannot create rights in strangers to the instrument. *Simmons v. Northern Pac. Ry.*, 88 Wash. 384, 153 P. 321 (1915); *see* Annot., *Reservation or Exception in Deed in Favor of Stranger*, 88 A.L.R.2d 1199 (1963). In *Simmons*, the Northern Pacific Railway, by executory contract, sold property to Burrows and Stockwell (B & S), reserving in the contract a license to remove gravel. After 4 months, the railroad by contract fulfillment deed conveyed the property to B & S, reserving only a right of way for some track and not the license. Later, B & S conveyed the property to Church subject to

the right of way and also the previous contract with the railroad which referred to the gravel license. Church mortgaged the property to Simmons, but did not mention a license. In a foreclosure action by Simmons, the railroad attempted to preserve its license to take gravel. The court said the license was extinguished when the railroad conveyed to B & S and found the reservation in the deed from Burrows and Stockwell to Church did not create any rights in the railroad, a stranger to the deed. This case is similar. The Turk–Sweeney deed attempts to create rights of way in unidentified persons who are not parties to the deed. This attempt is ineffective.

The trial court's oral decision distinguishes *Simmons*. It states:

> That is a case where the owner of the easement had deeded it away and then tried to reassert it. And what they substantially ruled was it doesn't go through two transactions and rejuvenate when a new one is made, even though there is a reservation in the second deed.

This distinction appears to be strained. *Simmons* does say the reservation cannot "*revive* or *restore*" (italics ours) the railway's right to remove gravel. However, this is because "it [the railway] was a stranger to that instrument [the deed to Church], and that the covenants of the instrument ran between the parties only, and granted nothing to the railway company." *Simmons*, at 387. Thus, *Simmons* stands for the general rule that deeds cannot create rights in strangers to the instrument. Since Pitman was not a party to the Turk–Sweeney deed, that instrument could not create any rights in Pitman. At the time of Turk's conveyance to Sweeney, there was no easement existing between Pitman and Turk, unlike the facts in *North Am. Non Metallics, Ltd. v. Erickson*, 24 Wn. App. 892, 604 P.2d 999 (1979). There, at the time of the reservation of grant by Farr to Erickson, Farr reserved to Non Metallics the right of use over the road. Non Metallics had this right by virtue of a contract assigned to Farr by his predecessor in interest, Wiley. The easement for a third person must actually exist

before it can be reserved or conveyed. The trial court erred in finding Pitman holds a valid access easement based on the deed.

Since the trial court erred in finding a valid access easement based on the deed, it is unnecessary to reach other issues raised by counsel.

This case is remanded for a determination of possible prescriptive rights.

GREEN and MUNSON, JJ., concur.