## PACIFIC TELEPHONE & TELEGRAPH CO. *v.* GALLAGHER ET AL.

No. 213.   Argued December 12, 13, 1938.—Decided January 30, 1939.

*Mr. Francis N. Marshall,* with whom *Messrs. Alfred Sutro* and *Eugene M. Prince* were on the brief, for appellant.

Mr. *H. H. Linney,* Deputy Attorney General of California, with whom *Messrs. U. S. Webb,* Attorney General, and *James J. Arditto,* Deputy Attorney General, were on the brief, for appellees.

By leave of Court, *Messrs. G. W. Hamilton,* Attorney General of Washington, and *R. G. Sharpe,* Assistant Attorney General, filed a brief, as *amici curiae,* in support of appellees.

MR. JUSTICE REED delivered the opinion of the Court.

This case involves the same questions as *Southern Pacific Co.* v. *Gallagher, ante,* p. 167. The appellant sought to restrain the State Board of Equalization of the State of California, its members, and the Attorney General of the state from enforcing the Use Tax of 1935. A three-judge court granted an interlocutory injunction. Later, it denied a permanent injunction and dismissed the appellant's bill[1] for the reasons stated in *Southern Pacific Co.* v. *Corbett,* 23 F. Supp. 193.

The appellant, a California corporation, operates a telephone and telegraph system in interstate and intrastate commerce. The same plant, facilities and organization are devoted to both interstate and intrastate business. In the necessary operation, maintenance and repair of its system, the appellant purchases outside California large amounts of equipment, apparatus, materials and supplies which are shipped to it in interstate commerce at various points within the state. The tangible

---

[1] *Pacific Tel. & Tel. Co.* v. *Corbett,* 23 F. Supp. 197.

personal property which the appellees threaten to tax is of two general classes: specific order and stand-by equipment. The first consists of central office switchboards, frames, cable racks, large private branch exchange switchboards, large underground cables, switches, central office cable, wire, protectors and other component parts of telephone and telegraph lines, which are purchased on specific order for installation at a particular place in the system. The second comprises goods bought from time to time for holding as stand-by supplies to meet fluctuating demands and emergencies and to make repairs.

The specific order equipment is shipped to the appellant at the place of use. Its representative receipts for the goods at the dock or breaks the seal of the railroad car, and its employees unload the goods from the dock or car into its trucks. In most instances the trucks are driven directly to the building where the equipment is to be installed; in some, to distributing centers for reloading into other trucks which are driven to the place of installation. Occasionally, private branch exchange switchboards must be held by the appellant until the place of installation is ready. There is no holding in warehouses. The stand-by supplies which constitute a reserve to meet current requirements are replenished by monthly orders. The appellant's trucks pick them up at the dock or railroad depot and carry them to storage places at points on the system suitable for prompt distribution. When needed, the stand-by facilities are taken out of the stores and installed.

The appellant exercises two rights of ownership in California—retention and installation—after the termination of the interstate shipment and before the use or consumption on its mixed interstate and intrastate telephone system. We see no material distinction between the contentions of the appellant and those disposed of in *Southern Pacific Co.* v. *Gallagher, ante,* p. 167.

The decree of the lower court dismissing the appellant's bill is

*Affirmed.*

MR. JUSTICE MCREYNOLDS and MR. JUSTICE BUTLER dissent.

MR. JUSTICE ROBERTS took no part in the consideration or decision of this case.