[No. 27164.   *En Banc.*   July 7, 1939.]

THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
*Respondent,* v. H. H. HENNEFORD *et al., as
State Tax Commissioners, Appellants.*[1]

[1]Reported in 92 P. (2d) 214.

The *Attorney General* and *R. G. Sharpe, Assistant,* for appellants.

*McMicken, Rupp & Schweppe,* for respondent.

BEALS, J.—Appellants, the tax commissioners of the state of Washington, May 16, 1939, filed herein their motion for an order permitting them to interpose, before the superior court for Thurston county, a motion for an order vacating the decree entered by that court in the above entitled cause, May 9, 1938, which decree was, on appeal, affirmed by this court, July 29, 1938. *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786. Appellants also ask that the order which they seek, if granted, be dated *nunc pro tunc* as of May 1, 1939. Appellants' motion was supported by the affidavit of one of appellants' counsel, and was served upon respondent and noted for hearing. Briefs were filed by the respective parties, and the matter submitted to the court, after oral argument.

A brief statement of the history of this litigation is necessary to a proper understanding of the question to be determined.

This action was instituted by the Pacific Telephone and Telegraph Company, a corporation, as plaintiff, during the month of May, 1938, for the purpose of procuring an injunction restraining the defendants, as tax commissioners of the state of Washington, from requir-

ing from the plaintiff the payment of any tax or penalty, as provided in title IV, chapter 180, Laws of 1935, p. 726, as amended by Laws of 1937, chapter 191, p. 943, on account of the purchase or use of certain specified personal property which the plaintiff had purchased outside the state of Washington. This section of the statute provided for the levy of the so-called "compensating tax" on the use of personal property purchased without the state of Washington, and upon which no sales tax was paid in this state. The issues having been regularly made up, the action was tried to the court, and resulted in a decree granting plaintiff the relief demanded.

The defendants thereafter prosecuted an appeal to this court, an opinion affirming the decree of the superior court being found in 195 Wash. 553, 81 P. (2d) 786. As expressed in its opinion, this court was of the view that the tax above referred to was not payable upon the use of personal property purchased without the state of Washington, if such property was neither manufactured nor offered for sale within this state, the court being also of the opinion that, in so far as the property in question was concerned, the tax, if levied on the purchase thereof, would constitute an unlawful burden upon interstate commerce.

After the filing of the decision of this court above referred to, appellants petitioned this court for a rehearing, submitting in support of their petition arguments against the conclusion reached by this court. In due time, appellants' petition for rehearing was denied, and the cause was remitted to the superior court.

In the recent case of *Spokane v. State*, 198 Wash. 682, 89 P. (2d) 826, this court held that the tax above referred to is payable upon the purchase of property bought without the state of Washington, even though such property is not manufactured and not on sale

within the state, thereby changing its position upon that phase of the question presented, as expressed in the opinion filed in the case at bar. In the *Spokane* case, no question concerning interstate commerce was presented, and the second ground upon which the case at bar was decided, as stated in the opinion, remained unimpaired.

In the cases of *Southern Pac. Co. v. Gallagher,* 306 U. S. 167, 59 S. Ct: 389, and *Pacific Tel. & Tel. Co. v. Gallagher,* 306 U. S. 182, 59 S. Ct. 396, the supreme court of the United States held that a taxing statute of the state of California, very similar to the statute of this state above referred to, was not unconstitutional as imposing an unlawful burden upon interstate commerce.

By chapter 9, Laws of 1939, p. 15, the legislature of this state again amended the taxing statutes of 1935 and 1937, and provided that the compensating tax should be collected upon purchases of personal property made without the state of Washington, even though such property be not available for purchase within the state, the act further providing that the tax should be retroactive as of the year 1935.

In support of its motion above referred to, appellants contend that, because of the facts above stated, the two decisions of the supreme court of the United States above cited, and other arguments which they advance, their motion should be granted and leave accorded them to move the superior court for an order vacating the judgment entered May 9, 1938, restraining appellants from proceeding to collect the tax upon the purchase or use of that portion of respondent's property which appellants contend is subject thereto.

In this state, the matter of the vacation of a judgment is a statutory proceeding. In the early case

of *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182, this court said:

"The right to a vacation of judgments, while it existed at common law for certain specific reasons, viz., fraud and collusion, is in this state statutory."

The causes for the vacation or modification of judgments are enumerated in Rem. Rev. Stat., § 464 [P. C. § 8131], and the procedure outlined in the following sections. Such relief must be demanded within one year, but the time of the pendency of an appeal is not considered as any portion of the statutory period. *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338.

Rem. Rev. Stat., § 303 [P. C. § 8336], provides, *inter alia,* that the court may, upon such terms as may be just,

". . . relieve a party, or his legal representatives, from a judgment, order or other proceedings taken against him through his mistake, inadvertence, surprise, or excusable neglect."

None of the statutory grounds for the vacation of a judgment covers appellants' application in the case at bar.

Appellants rely upon Rem. Rev. Stat., § 735 [P. C. § 8069], which reads as follows:

"Motions to dissolve or modify injunctions may be made in open court, or before a judge of the superior court, at any time after reasonable notice to the adverse party;"

contending that this court is vested both with statutory and inherent power to modify or vacate injunctions because of changed conditions.

Appellants argue that, because of the opinion of this court in the case of *Spokane v. State, supra,* and because of the amendment of the compensating tax statute by chapter 9, Laws of 1939, p. 15, a new and changed situation is presented, in consideration of which this

court should grant appellants' motion. As to the legislative enactment of 1939, appellants have any rights vested in the tax commission by that statute, and these rights will be judicially determined when presented for consideration. *State ex rel. Burke v. Board of Commissioners,* 61 Wash. 684, 112 Pac. 929. After careful consideration, we hold that the opinion of this court in the case of *Spokane v. State, supra,* and the change of view therein expressed, do not bring before us, in the case at bar, such a new or different condition as justifies this court in granting appellants' motion.

■ After a remittitur has been, by this court, sent to the superior court, this court has lost jurisdiction of the cause, save to compel the entry of a judgment in accordance with the mandate of this court, or to permit the filing of an application to vacate the judgment on one of the statutory grounds, in the event such an application is seasonably presented. *Wolferman v. Bell,* 8 Wash. 140, 35 Pac. 603; *Ward v. Springfield Fire & Marine Ins. Co.,* 12 Wash. 631, 42 Pac. 119; *Morton Organ Co. v. Armour,* 179 Wash. 392, 38 P. (2d) 257. Assuming, without deciding, that such an application for the vacation of a judgment might be based upon some ground other than one enumerated by statute, and be entertained by this court, either by a proceeding in the nature of a writ of error *coram nobis,* or otherwise, we hold that the grounds upon which appellants' motion is predicated afford no basis for granting their motion.

■ A writ of error *coram nobis* is not granted in such a situation as is here presented. As stated in 14 Cal. Jur. 1011, § 81, this writ

". . . is not intended to authorize any court to review and revise its opinions, but only to enable it to recall some adjudication made while some fact existed, which, if before the court, would have prevented the rendition of the judgment, and which without fault or negligence of the party, was not presented to the court."

■   In the case of *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725, this court held that error of law committed by the trial court and carried into the court's judgment afforded no ground for vacation of the judgment.   On appeal from the order denying the petition to vacate, this court, in affirming the order appealed from, said:

"No fraud was practiced, and, at most, there was simply error of law upon the part of the court in giving judgment for the amount claimed as attorney's fees. But we do not think that a petition to vacate the judgment is the proper proceeding for the purpose of correcting an error of law, and the statute which authorizes proceeding by petition to vacate and modify a judgment in the court in which it is rendered (Title 14, Code Proc.) does not include an 'error of law' within the causes for which such proceedings may be taken. The final judgment pronounced upon a hearing upon the merits cannot be set aside by the petition under the statute for mere error into which the court may have fallen."

*In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734, an appeal from an order granting a petition to vacate a decree of distribution, this court held that the decree of distribution constituted a final adjudication of the matters therein contained, and reversed the order vacating the decree.   This court held that an error of law furnished no ground for the vacation of a judgment, and that a misapplication of the law to an admitted state of facts afforded no ground for the vacation of the decree of distribution.   Many authorities, including standard text books, were cited, and were considered by the court in reaching its conclusion.   The opinion was cited and followed in the recent case of *Goodwin v. American Surety Co.,* 190 Wash. 457, 68 P. (2d) 619.

Judgments rendered by courts of competent jurisdiction, finally determining litigation, cannot be changed

or modified, unless the law clearly requires that such action be taken.

"A decision once made in a particular controversy, by the highest court empowered to pass upon it, is conclusive upon the parties to the litigation and their privies, and they are not allowed afterwards to revive the controversy in a new proceeding for the purpose of raising the same or any other questions. The matter in dispute has become *res judicata,* a thing definitely settled by judicial decision; and the judgment of the court imports absolute verity. Whatever the question involved—whether the interpretation of a private contract, the legality of an individual act, or the validity of a legislative enactment—the rule of finality is the same. The controversy has been adjudged; and, once finally passed upon, it is never to be renewed. It must frequently happen, therefore, that a question of constitutional law will be decided in a private litigation, and the parties to the controversy, and all others subsequently acquiring rights under them, in the subject-matter of the suit, will thereby become absolutely and forever precluded from renewing the question in respect to the matter then involved. The rule of conclusiveness to this extent is one of the most inflexible principles of the law; insomuch that even if it were subsequently held by the courts that the decision in the particular case was erroneous, such holding would not authorize the reopening of the old controversy in order that the final conclusion might be applied thereto." 1 Cooley's Constitutional Limitations (8th ed.), 108-110.

In the text comprised within the annotation in 84 A. L. R. 579, is found the following:

"After a case has been fairly submitted to an appellate court, and the court has regularly determined the issues involved and caused its judgment in conformity with such determination to be entered, and its judgment has been properly entered, and the case remanded to the lower court for such action as may be necessary, the appellate court thereafter has no power to reconsider, alter, or modify its decision. To require courts to consider and reconsider cases at the will of

litigants would deprive the courts of that stability which is necessary in the administration of justice."

Interesting discussions of the principle involved are found in 1 Freeman on Judgments (5th ed.), 383-4, § 196, pp. 434-5, § 221, and p. 409, § 212.

Appellants, while admitting that the rights of private parties which have been vested by the judgment of a court of competent jurisdiction cannot be interfered with, either by the legislature or the courts, contend that this rule does not apply to judgments based upon an alleged public right. We have examined the authorities cited by appellants on this phase of the question, and find none which leads us to sustain appellants' contention in the case at bar.

Appellants rely upon the opinion of this court *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338, in which it appeared that the superior court, by judgment regularly entered, canceled a special assessment as levied against many descriptions of real estate. After an appeal to this court and the going down of the remittitur, a property owner petitioned this court for leave to apply to the superior court for a modification of the judgment, by including therein the description of a lot, which description it was alleged had been inadvertently omitted from the judgment. This court held that the application, having been seasonably made and presenting a *prima facie* case for relief, should be granted, and leave was accordingly granted to the superior court to entertain an application for modification of the judgment. The showing made clearly brought the matter within the statutory grounds for the vacation or modification of a judgment, and the case does not support appellants' contention here.

In connection with chapter 9, Laws of 1939, p. 15, above referred to, amending the acts of 1935 and 1937, providing for the levy and collection of the so-called

compensating tax, it must be remembered that this amendment on no possible theory affects the act in its relation to interstate commerce, and does not purport to be curative in character, in so far as the second ground upon which this case was decided is concerned. This court based its decision in the case of *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, hereinabove referred to, upon two grounds, one being that the attempted collection of the tax under the statute was an unwarranted interference by the state with interstate commerce.

While it is true that the supreme court of the United States, in the two recent decisions above cited, held that a statute of the state of California, very similar to the law of this state which is the subject matter of this action, was not subject to attack upon the ground that its execution was an unlawful interference with interstate commerce, nevertheless this court cannot grant leave to move against the judgment here in question before the superior court simply because, after its rendition, the supreme court of the United States has handed down certain decisions embodying a ruling contrary to that theretofore declared by this court.

It must always be borne in mind that the decree which appellants seek to modify nowise affects the 1939 amendment. Whatever rights exist under that act, exist independently of the decree which is here under attack. This decree restrains appellants only from attempting to enforce the acts of 1935 and 1937.

Appellants rely upon some authorities in which the effect of curative statutes was considered. Some courts have held that a decree enjoining certain acts, which decree was entered possibly because of some defect in the existing law, was subject to modification after the legislature had amended the law on which the decree

was based. These·authorities are not controlling here. The 1939 statute is apparently complete in itself.

Appellants rely upon the case of *Hodges v. Snyder,* 261 U. S. 600, 67 L. Ed. 819, 43 S. Ct. 435, in which case the supreme court of the United States considered a curative statute validating the consolidation of certain school districts, the consolidation of which had previously been enjoined because of a defect in the then existing law. It was held that the injunction previously issued was properly subject to vacation. The curative statute could only be given effect when considered in . connection with the prior law upon the subject. The case is not controlling here.

Appellants also argue that, if the decree containing the injunction of which they complain be not modified, it will result in the denial of the equal protection of the law to taxpayers other than respondent, because such persons may be required to pay the tax, while respondent, as to the property which was the subject matter of this action, will be exempt from such liability. It would seem that this argument assumes that, for some reason, the act of 1939 will not be enforced, but in any event, the argument amounts to no more than that certain taxpayers may find themselves in the position suggested by appellants. It would seem that this question cannot be urged by appellants as state officers, whose duty it is simply to enforce the law as they find it. Of course, in considering this argument advanced by appellants, we express no opinion upon the rights of any taxpayer who may later rely upon the argument suggested by appellants.

Our attention has been called to no proceeding in which this court has approved the vacation of a judgment or decree regularly entered under facts similar to those here presented. This case does not fall within the statutory grounds for the vacation of judgments,

nor does it present changed conditions of such a character as to warrant the granting of the relief prayed for. Essentially, the relief prayed for is not demanded because of any extrinsic facts unavailable when the case was originally submitted, but is based, first, upon the fact that this court, after the filing of the opinion in the case at bar, changed its view of the law on one phase of the question presented; second, because the legislature, after the filing of the opinion, enacted a new law; and third, because the supreme court of the United States subsequently rendered two decisions laying down a rule contrary to the view expressed by this court on the second phase of the case at bar, relating to interstate commerce.

The decree in the case at bar is not subject to attack on any of the grounds urged by appellants, and their petition is accordingly denied.

MILLARD, STEINERT, GERAGHTY, ROBINSON, SIMPSON, and JEFFERS, JJ., concur.

BLAKE, C. J. (dissenting)—

"The court which rendered a decree for an injunction may, *without even any statutory authority to do so*, open, vacate, or modify the same where the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so." (Italics mine.) 32 C. J. 389.

"*The modification of a decree in a preventive injunction is inherent in the court which granted it*, and may be made, (a) if, in its discretion judicially exercised, it believes the ends of justice would be served by a modification, and (b) *where the law, common* or statutory, *has changed, been modified or extended*, and (c) where there is a change in the controlling facts on which the injunction rested." (Italics mine.) *Ladner v. Siegel*, 298 Pa. 487, 148 Atl. 699, 68 A. L. R. 1172.

In *Kelley v. Earle,* 325 Pa. 337, 344, 190 Atl. 140, commenting on *Ladner v. Siegel, supra,* the court said:

"We there held that no vested right could arise from an injunction which 'due process' protected from future change, since an injunction does no more than protect property rights under the then existing facts and law and is necessarily subject to modification because of changes in *either* or both." (Italics mine.)

"That a person cannot have a vested right in an injunctional order or decree is made perfectly clear by the opinions in the cases cited above." *Hodges v. Snyder,* 45 S. D. 149, 186 N. W. 867, 25 A. L. R. 1128.

"Though a final determination of the case before the court, and though binding and imperative upon the present plaintiffs, and enforceable against them by all the powers vested in a court of equity, yet they were at liberty at any time, *under new circumstances making it inequitable for it to be longer continued,* to apply to the court for a review of the case and a dissolution of the injunction. In respect to such a state of facts, *an injunction can never be said to be final in the sense that it is absolute for all time."* (Italics mine.) *Sawyer v. Davis,* 136 Mass. 239, 49 Am. Rep. 27.

Though the doctrine expounded in the cases above cited is as ancient as equity itself, the application of it in this country seems to stem from the case of *Pennsylvania v. Wheeling & Belmont Bridge Co.,* 59 U. S. (18 How.) 421, 15 L. Ed. 435, when the court accepted and applied it without discussion. And upon authority of that case, this court, at an early date, applied the doctrine in the case of *Williams v. Shoudy,* 12 Wash. 362, 41 Pac. 169, with the terse comment:

"The grounds upon, and reasons for, which it issued no longer existed . . . and by reason of the changed conditions it became ineffectual."

The fact that the decree of injunction may have been affirmed by a court of last resort does not affect the application of the doctrine (*Hodges v. Snyder,* 45 S. D.

149, 186 N. W. 867, 25 A. L. R. 1128. Affirmed 261 U. S. 600, 67 L. Ed. 819, 43 S. Ct. 435).

Now, applying this principle to the case at bar, we find that the *common law,* upon which the injunctive decree rests, "has changed, been modified or extended" by the decision of this court in *Spokane v. State,* 198 Wash. 682, 89 P. (2d) 826, and the decisions of the United States supreme court in *Southern Pac. Co. v. Gallagher,* 306 U. S. 167, 59 S. Ct. 389, and *Pacific Tel. & Tel. Co. v. Gallagher,* 306 U. S. 182, 59 S. Ct. 396.

In other words, the tax which defendants were enjoined from collecting on the ground of inapplicability or invalidity of the compensating tax is now collectible from all persons in a like situation with plaintiff and, but for the injunction, would be collectible from it. It seems to me that it is not only "equitable" to dissolve the injunction, but grossly inequitable to allow it to stand. For, to now give it effect violates the cardinal rule of taxation—equality and uniformity. I venture to say that no other decision can be found that permits one taxpayer to escape the operation of a tax statute to which all other persons in like condition and situation are amenable. In the absence of authority upon the question, such a result would be intolerable. In face of the unanimity of the decisions

". . . holding that the court which rendered a decree for a permanent or perpetual injunction may open or modify the same where the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so," (Annotation 68 A. L. R. 1180)

the result is inexcusable.

So far as the present procedure adopted by appellant is concerned, there is ample authority found in our decisions to sustain it. *Post v. Spokane,* 28 Wash. 701,

69 Pac. 371, 1104; *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338; *Gudmundson v. Commercial Bank & Trust Co.,* 141 Wash. 11, 250 Pac. 348. In the first of the above cited cases, it was held that this court has power to grant leave to attack a judgment which it has affirmed, upon a showing being made to the satisfaction of the court that the ends of justice require it.

I dissent.

MAIN, J., concurs with BLAKE, C. J.

