[No. 28102.  *En Banc.*  May 22, 1941.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v. H. H. HENNEFORD *et al., Appellants.*[1]

[1]Reported in 113 P. (2d) 545.

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellants.

*Robert S. Macfarlane, Dean H. Eastman,* and *Earl F. Requa,* for respondent.

MAIN, J.—The plaintiff brought this action to restrain the state tax commissioners from collecting an excise tax from it. The trial to the court without a jury resulted in findings of fact from which it was concluded that the plaintiff was entitled to the relief which it sought. A decree was entered permanently enjoining the commission from collecting the tax in question, from which they appeal.

The respondent owns and operates a railroad system extending from Lake Superior, in Wisconsin, through several states, to Puget Sound in Washington, and to Portland, Oregon. By such system it engages in interstate and intrastate transportation of freight and passengers. The respondent's interstate and intrastate transportation is inextricably intermingled.

Between April 30, 1935, and March 17, 1937, the respondent purchased in various states and in Canada, and brought into the state of Washington for use in the operation, maintenance, and repair of its railroad plant, large amounts of materials, supplies, shop machinery, tools, and equipment. Many of the articles could not be purchased in this state and were obtainable only on special orders. All of the articles so purchased and brought into the state were subsequently used in the maintenance, operation, and repair of the respondent's railroad plant and consumed in the conduct of its transportation service. The total purchase price of such property, including the cost of transportation thereof, was $2,826,069.50.

The tax which the appellants sought to collect accrued, as they claim, between April 30, 1935, and March 17, 1937, and was in the sum of $56,521.39.

Section 31 of chapter 180, Title IV, of the Laws of 1935, p. 726, provides that there shall be levied and collected from every person in this state

". . . a tax or excise for the privilege of using within this state any article of tangible personal property purchased subsequent to April 30, 1935. Such tax shall be levied and collected in an amount equal to the purchase price paid by the taxpayer multiplied by the rate of 2%."

It will be noted that this section specifies that the tax shall be upon "use." By § 4 of chapter 191 of the Laws of 1937, p. 945, the terms "use," "used," "using" or "put to use" were defined and given a broader meaning than the terms had in the 1935 act. Since the 1937 act took effect, the respondent has paid the tax without question.

In *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, it was held that the 1935 law levying a use or compensating tax within this state on tangible property purchased outside of the state was solely upon "use," and not upon "keeping," "storing," "withdrawing from storage," " moving" or "installing." The appellants seek to avoid the force of that decision by calling attention to the construction that they had put upon the 1935 act, which was that the term "use" included "storing" or "withdrawing from storage," and other incidents of ownership.

Section 208 of chapter 180 of the 1935 act, p. 844, authorizes the tax commission to make and publish rules and regulations, not inconsistent with the act,

". . . necessary in enforcing its provisions, which rules and regulations shall have the force and effect as if specifically included herein, unless declared

invalid by the judgment of a court of record not appealed from. . . . "

In *Washington Printing & Binding Co. v. State,* 192 Wash. 448, 73 P. (2d) 1326, with reference to the power thus conferred, it was said:

"The tax commission cannot, by such rule, impose a tax upon property or a transaction that is not mentioned in the statute as taxable. The rule-making power is given only for the purpose of empowering the commission to carry out the provisions of the statute."

▉ Where a statute is ambiguous, weight will be given to the administrative or executive construction thereof and the practice under it, especially when such practice has continued for a long period of time. But that rule does not apply where the meaning of a statute is plain and unequivocal. *Regan v. School Dist. No. 25,* 44 Wash. 523, 87 Pac. 828; *Wendt v. Industrial Ins. Commission,* 80 Wash. 111, 141 Pac. 311; *Long v. Thompson,* 177 Wash. 296, 31 P. (2d) 908.

▉▉ When the legislature uses a term without defining it, if such term has a well-known meaning at common law, it will be presumed that the legislature used the word in the sense in which it was understood at common law. *In re Phillips' Estate,* 193 Wash. 194, 74 P. (2d) 1015. The words "storing" and "use" are not synonyms. In our opinion, the statute is not ambiguous, and, therefore, the executive construction has little persuasive effect. Further than this, the power of the tax commission to make rules, given by the statute, does not authorize them to write into the statute something that the legislature did not put there.

▉ The tax, being only upon "use," and not upon the other incidents of ownership, such as "storing" and "withdrawing from storage," places a burden upon interstate commerce not permitted by the law. *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d)

786; *Southern Pac. Co. v. Gallagher*, 306 U. S. 167, 83 L. Ed. 586, 59 S. Ct. 389; *Pacific Tel. & Tel. Co. v. Gallagher*, 306 U. S. 182, 83 L. Ed. 595, 59 S. Ct. 396. In each of those United States supreme court cases, the court was construing a statute of the state of California which was much broader in its terms than was the 1935 act of this state, and for that reason in each of them it was held that the tax there in question was not a burden on interstate commerce.

By § 3, chapter 9, Laws of 1939, p. 16, the legislature sought to make that statute retroactive, going back to April 30, 1935. In the recent case of *State v. Pacific Tel. & Tel. Co.*, *ante* p. 11, 113 P. (2d) 542, it was held that that section of the statute could not operate retroactively so as to cover the taxes which were specified in the 1935 act.

The judgment will be affirmed.

ROBINSON, C. J., BEALS, MILLARD, SIMPSON, STEINERT, and JEFFERS, JJ., concur.

BLAKE, J. (dissenting)—Holding that "machinery, materials and supplies, such as locomotives, cars, conveyors, pumps, and trestle steel," bought at retail in other states and brought into this state to be used in the construction of the Grand Coulee Dam, were subject to the compensating tax imposed by Title IV, Laws of 1935, chapter 180, p. 726, the supreme court of the United States, in *Henneford v. Silas Mason Co.*, 300 U. S. 577, 583, 81 L. Ed. 814, 57 S. Ct. 524, said:

"A tax upon the privilege of use or storage when the chattel used or stored has ceased to be in transit is now an impost so common that its validity has been withdrawn from the arena of debate."

In the face of that decision, this court held in *Pacific Tel. & Tel. Co. v. Henneford*, 195 Wash. 553, 81 P. (2d) 786, that the compensating tax could not be collected upon property bought in other states for use in this

state if such property could not be purchased in this state. In so far as the decision so held, it was repudiated in the case of *Spokane v. State,* 198 Wash. 682, 89 P. (2d) 826. But the decision in the telephone case was bottomed on another ground which the majority deem sound enough to rest their decision in the instant case: that, under the circumstances of that case and this, the compensating tax constitutes a direct burden upon interstate commerce and, therefore, is violative of the commerce clause of the Federal constitution. With this view I cannot agree, for I think it is in direct conflict with the holdings of the supreme court of the United States in the cases of *Southern Pac. Co. v. Gallagher,* 306 U. S. 167, 83 L. Ed. 586, 59 S. Ct. 389, and *Pacific Tel. & Tel. Co. v. Gallagher,* 306 U. S. 182, 83 L. Ed. 595, 59 S. Ct. 396.

The facts in those cases are indistinguishable from those in the instant case and our own telephone case (195 Wash. 553, 81 P. (2d) 786). Stating the issue in the *Southern Pacific* case, the court there said:

"The California Use Tax Act of 1935 is assailed as violative of the commerce clause and the Fourteenth Amendment, when imposed upon tangible personal property, bought outside of the state by the Southern Pacific Company, an interstate railroad, and installed *on importation, or kept available for use, as a part of its transportation facilities.*" (Italics mine.)

And in the other case the court stated the issue and facts as follows:

"This case involves the same questions as *Southern Pacific Co. v. Gallagher, ante,* p. 167. . . .

"The appellant, a California corporation, operates a telephone and telegraph system in interstate and intrastate commerce. The same plant, facilities and organization are devoted to both interstate and intrastate business. In the necessary operation, maintenance and repair of its system, the appellant purchases outside California large amounts of equipment, appa-

ratus, materials and supplies which are shipped to it in interstate commerce at various points within the state. The tangible personal property which the appellees threaten to tax is of two general classes: specific order and stand-by equipment. The first consists of central office switchboards, frames, cable racks, large private branch exchange switchboards, large underground cables, switches, central office cable, wire, protectors and other component parts of telephone and telegraph lines, which are purchased on specific order for installation at a particular place in the system. The second comprises goods bought from time to time for holding as stand-by supplies to meet fluctuating demands and emergencies and to make repairs."

Holding, under these circumstances, that the tax was not a direct burden on interstate commerce, the court, in the *Southern Pacific* case, said:

"The Use Tax Act is complemental to the California Retail Sales Tax Act of 1933. The latter levies a tax upon the gross receipts of California retailers from sales of tangible personal property; the former imposes an excise on the consumer at the same rate for the storage, use or other consumption in the state of such property when purchased from any retailer. As property covered by the sales tax is exempt under the use tax, all tangible personalty sold or utilized in California is taxed once for the support of the state government. . . .

"The principle of the use tax as applied to property brought into the state after its retail purchase for intrastate use has been upheld in *Henneford v. Silas Mason Co.*, against the charge that it was a tax upon the operations of interstate commerce or a tax upon a foreign sale, violative of the Fourteenth Amendment."

In the face of these decisions, I do not think this court, in the instant case, is warranted in enjoining the collection of the tax on the theory that it is a direct burden on interstate commerce.

I dissent.

DRIVER, J., concurs with BLAKE, J.