[No. 29577. *En Banc.* April 16, 1945.]

CHARLES RUMBOLZ *et al., Appellants,* v. PUBLIC UTILITY DISTRICT No. 1 OF OKANOGAN COUNTY *et al., Respondents.*

ORDER DENYING MOTION

The above-entitled action having come on regularly to be heard this day before the court sitting *En Banc* upon appellants' motion for an order striking certain specified portions of the opinion heretofore filed herein, for an order reinstating the temporary injunction *pendente lite* referred to in the opinion, for an order withholding the remittitur in the above-entitled cause until further order of the court, and for an order granting to appellants leave to file herein a petition for rehearing; and the parties having appeared by their respective counsel and having filed their briefs, and the matter having been regularly argued and submitted to the court; and the court being fully advised:

IT IS ORDERED that appellants' motion be and the same is hereby denied.

Dated at Olympia this 16th day of April, 1945.

By the Court:

WALTER B. BEALS,
*Chief Justice.*

STEINERT and SIMPSON, JJ., dissent.

MILLARD, J. (dissenting)—Summary disposition of the motion described in the foregoing order did not afford an opportunity to dissent prior to the filing of the order.

Appellate courts sometimes employ synonymously the words "decision," "opinion," and "judgment." Whether the opinion of an appellate court is called a decision or a judgment, is unimportant. It is provided by Laws of 1925, Ex. Ses., chapter 118, p. 187 (Rem. Rev. Stat., § 13-1 [P. C. § 8676-1], that all rules promulgated by this court regulating and prescribing the practice and procedure on appeals are of controlling force; and when such rules are promulgated all prior laws in conflict therewith are of no further force and effect. That act of the legislature added nothing to the power inherent in this court to promulgate rules. Conceding, for the sake of argument, that the legislature could vest this court with power to promulgate rules, it will hardly be contended that the legislature could delegate to· the judiciary the legislative power of repealing statutes.

The controlling rule (Rule 22, 18 Wn. (2d) 22-a) respecting the finality of our opinions, decisions, or judgments provides that a petition for rehearing shall be filed within thirty days after our opinion, decision or judgment in the cause has been filed; that is, a petition for rehearing suspends the judgment, decision, or opinion from the date of its filing and there must be a lapse of thirty days in every case between the filing of the decision, opinion, or judgment of this court and the issuance of the mandate to the superior court. *As a matter of course, the clerk of this court issues and forwards a mandate or re-*

mittitur to the superior court thirty days after the filing of our opinion unless within that period a petition for rehearing is filed. Upon the disposition of the petition for rehearing, our opinion is final. The filing of a petition for rehearing postpones until disposition of that petition the effect of that opinion, which becomes final within thirty days after filing, or final following disposition of the petition. The petition may aptly be designated a suspensive motion, the purpose of which is to suspend finality or postpone the date of finality of the opinion. *There is no final judgment or decision until the going down of the mandate or remittitur to the trial court.* After the remittitur has been filed in the superior court, we have no further jurisdiction of the cause other than to compel the entry of a judgment in accordance with our mandate, to permit the filing of an application to vacate the judgment on one of the statutory grounds, or to recall the remittitur for correction of certain errors. *Pacific Tel. & Tel. Co. v. Henneford,* 199 Wash. 462, 92 P. (2d) 214.

Rem. Rev. Stat., §§ 10, 11 [P. C. §§ 8655, 8656], are not rules of this court. If five judges of this court are of the view that an opinion of this court should go into effect prior to thirty days after its filing, it shall go into effect any time after its filing and prior to such thirty-day period; however, there will be no final judgment or decision until the going down of the mandate or remittitur to the trial court. Our opinion is, of course, part of the remittitur.

The only rule governing rehearings is Rule 22 of this court. We have authority—a power of which we cannot be divested by the legislature—to grant rehearings in cases which we have decided, by virtue of the inherent power of this court, to modify and correct its judgments so long as they are under our control. Our jurisdiction over a cause when once obtained continues until the remittitur of this court is regularly issued and filed in the trial court. See *Kosten v. Fleming,* 17 Wn. (2d) 500, 136 P. (2d) 449; 3 Am. Jur. 345 and dissenting opinion in *In re Brown,* 6 Wn. (2d) 215, 239, 101 P. (2d) 1003, 107 P. (2d) 1104. Also, as stated above, the remittitur may be recalled in certain situations.

Why should there be such expedition in making final the opinion of this court in the case at bar when on the date of the denial of the above-described motion there were eighteen cases within the bosom of this court in which no opinion had been written? During the calendar year 1944, we were on the bench and in consultation not to exceed two hundred hours. We filed during the year 1944 one hundred and ninety-two opinions. Of the eighteen cases in which no opinions have yet been written, eight were heard in the month of January, 1945, four were heard in February, 1945, one in March, 1945, one in September, 1943, one in September, 1944, one in October, 1944, and two in May, 1944.

The power of this court to withdraw from the losing party on appeal the right granted by rule of this court to such party to file a petition for rehearing within thirty days after the opinion in the cause has been filed, should be sparingly exercised. We owe it to the bar of this state to respect the rules we have promulgated. That we have not done in the case at bar.