[No. 1386.   Decided October 3, 1895.]

FREDERICK W. WARD, *Respondent*, v. THE SPRINGFIELD
FIRE & MARINE INSURANCE COMPANY, *Appellant*.

APPEAL — AMENDMENT OF RECORD IN APPELLATE COURT — JURISDICTION
AFTER REMITTITUR.

The transcript sent to the supreme court on appeal cannot be
corrected in that tribunal by affidavits or other extrinsic evidence.

After the denial of a motion for the reinstatement of an appeal,
which had been dismissed, and the transmission of the remittitur in
the cause to the court below, jurisdiction of the cause passes entirely
from the control of the appellate court.

*Appeal from Superior Court, King County.*

On motion to recall remittitur and to reconsider the
order of dismissal of the appeal.

*Scott, Corson & Winstock*, for appellant.

*J. E. McGrew*, and *Pratt & White*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—When this cause came on for trial at the
October, 1894, session of this court, the appeal was dis-
missed on motion of respondent, for the reason that it
appeared that the notice of appeal and the appeal bond
had not been filed in the court below within the time
limited by § 4 of the appeal act of March 8, 1893 (Laws
1893, p. 121). On December 18, 1894, the appellant
filed a motion or petition for a re-hearing and for a re-
instatement of the appeal, which, after due considera-
tion, was denied, and on April 26, 1895, the remittitur
was transmitted to the trial court.  On May 17, 1895,
appellant filed this motion, to recall the remittitur and
to reconsider the order of dismissal and refusal to re-
instate the appeal, as prayed in the previous motion.

By the section of the statute above mentioned, the notice of appeal and the proof of service thereof become a part of the record, for the reason that the clerk is required to enter the same in the journal of the court. It is alleged in this motion, as it was in the previous one, that, as matter of fact, the notice of appeal was served on December 1, 1894, and not on November 23, 1894, as appears by the record. And in order to establish the truth of this allegation the learned counsel for appellant have tendered several affidavits which they ask this court to consider. This we cannot do.

It is said in Elliott on Appellate Procedure, § 186, that:

"Appeals are tried by the record. The transcript is the source from which appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties before them, as well as the source from which they derive their knowledge of the questions upon which it is their duty to pronounce judgment. . . . The record as embodied in a properly prepared and duly authenticated transcript imports absolute verity, and cannot be aided, varied or contradicted by extrinsic evidence."

See, also, Hayne on New Trial and Appeal, § 283; *McDonald v. Bowman*, 40 Neb. 269 (58 N. W. 704); *Carey v. Brown*, 58 Cal. 180; *In re Fifteenth Avenue Extension*, 54 Cal. 179; *Boyd v. Burrel*, 60 Cal. 280.

In the last mentioned case, which is directly in point, the court said:

"In denying a re-hearing in this cause, we think it proper to say that the transcript shows that the notice of appeal was served on the 18th of December, 1879, and filed on the 30th of January, 1880. An attempt is made to show by affidavit before this court, that it was filed at an earlier day, and within the time allowed by law. This cannot be allowed. It was so held in

*Boston v. Haynes,* 31 Cal. 107. The record of the court below cannot be altered or amended by proof made in this court. If it is incorrect, that must be made to appear by proper evidence to the court below, which has power to alter it so as to make it speak the truth. It would be a departure from all principle to allow a record sent to this court to be assailed by evidence of less dignity than a record. (See *Smith v. Brannan,* 13 Cal. 107; *Bonds v. Hickman,* 29 *id.* 460; *Satterlee v. Bliss,* 36 *id.* 521). The party must seek relief in the court from which his appeal was prosecuted."

What is there said expresses the settled doctrine of the courts, and we have seen no case to the contrary. It appears that respondent's brief was served on appellant's counsel on April 13, 1894, and that the transscript was not forwarded to this court for several days thereafter. Appellant, therefore, had an opportunity before the record was filed in this court not only to know that the respondent intended to ask for a dismissal of the appeal in this court, but also to apply to the lower court to correct the record, if incorrect, and make it speak the truth.

But even if we had the power to correct the record, it is now too late. After the hearing of the motion to reinstate the cause and the transmission of the remittitur to the court below, the cause passed entirely from the control of this court. *Wolferman v. Bell,* 8 Wash. 140 (35 Pac. 603).

The remittitur in this case was not irregularly issued, and having been withdrawn in order to suspend proceedings in the court below during the pendency of this motion, it will forthwith be returned to the superior court. The motion must be denied, and it is so ordered.

DUNBAR, SCOTT and GORDON, JJ., concur.

HOYT, C. J., dissents.