(No. 5634. Decided May 3, 1905.)

THE STATE OF WASHINGTON, *on the Relation of Carrie A.
Krutz, Appellant,* v. WASHINGTON IRRIGATION
COMPANY, *Respondent.*[1]

APPEAL—DISMISSAL—RETURN OF RECORD FOR CORRECTION—MISTAKE
IN DATE OF SERVICE OF NOTICE. On motion to dismiss an appeal be-
cause it appears that the bond on appeal was not filed within five
days after the apparent date of service of the notice, the appellant
is entitled to have the record returned to the lower court for the
purpose of correcting a mistake in the record as to the date of
service, where the record was sent up prior to the motion and with-
out any opportunity to the appellant to correct it below.

Motion to dismiss an appeal from a judgment of the su-
perior court for Yakima county, Rudkin, J. Denied con-
ditionally.

*W. H. Bogle* and *H. J. Snively,* for appellant.

*E. F. Blaine* and *Ira P. Englehart,* for respondent.

HADLEY, J.—Respondent has moved to dismiss the appeal
in this cause, on the alleged ground that no appeal bond

[1]Reported in 80 Pac. 803.

was filed within the time required by law. The record sent here is to the effect that the notice of appeal was served February 3, 1905, and that the appeal bond was filed on the 11th day of the .same month. Upon the face of the record it is therefore apparent that the bond was not filed within five days after the service of the notice of appeal. If the record speaks the truth, the motion to dismiss should be granted, under repeated decisions of this court. In response to the motion, the appellant has filed affidavits to the effect that the notice of appeal was in fact served on the 7th day of February, and not on the 3d of that month. The affidavits state that it was first intended to make the service on the 3d, and that an acceptance of service was written upon the notice as of that date; but that, when the service was in fact made, four days later, the date theretofore written was by inadvertence overlooked and not changed.

Respondent insists that this court cannot consider the affidavits, and in support of its contention cites *Ward v. Springfield Fire etc. Ins. Co.,* 12 Wash. 631, 42 Pac. 119. The court there discussed the general principle of appellate procedure that the authenticated record imports verity, and cannot be aided by extrinsic evidence. But the opinion quotes approvingly from *Boyd v. Burrel,* 60 Cal. 280, to the effect that, if the record is incorrect, the fact must be made to appear by proper evidence to the court below, which tribunal has the power to correct so as to make the record speak the truth. After stating that the above is the settled doctrine of the courts, this court referred to the facts in the case then before it. ˙ The respondent's brief, which contained the motion to dismiss the appeal, was served several days before the transcript was forwarded to this court, and the appellant not only knew that the respondent intended to ask for a dismissal, but he had opportunity to apply to the lower court to correct the ˙record. In the case at bar, however, notice of the motion before us was served April

17, and the transcript was filed in this court April 15. It is therefore apparent that the record had left the court below when the motion to dismiss was served. At the time of the hearing here upon the motion to dismiss, appellant orally requested that the record be returned to the lower court in order that she may submit her evidence upon the subject of correction. The request was timely and, we think, should be granted. We do not undertake to consider or pass upon the evidence contained in the affidavits submitted here. We simply grant what we regard as a reasonable and timely request to have the record returned, so that it may be made to speak what is alleged to be the truth. The determination of the facts must be made by the trial court.

It is therefore ordered that the record shall be forthwith returned to the trial court for the purpose named. And it shall also be returned to this court within twenty days from the date of filing this opinion. If, in the meantime, the trial court shall correct the record so as to show that the appeal bond was filed within five days after the service of the notice of appeal, then the motion to dismiss shall be deemed to be hereby denied, and the appeal shall be heard in its course. Upon the other hand, if, upon the return of the record here, it shall remain as it now is in the particular mentioned, the motion to dismiss shall be deemed to be hereby granted, and an order shall be entered to that effect, without further hearing.

MOUNT, C. J., FULLERTON, RUDKIN, and ROOT, JJ., concur.