[No. 8233.    *En Banc.*    January 27, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Thomas Burke et al., Respondents,* v. BOARD OF COUNTY COMMISSIONERS OF KING COUNTY *et al.,*

*Appellants.*[1]

APPEAL—DECISION— JURISDICTION — REMAND — RECALL.  After an appeal has been heard, the opinion filed, a petition for rehearing denied, and the remittitur transmitted to the superior court, appellate jurisdiction ceases, and the court cannot, by consent of the parties, recall the remittitur after the term to consider the effect of a subsequent statute.

On petition for rehearing and motion to recall remittitur. Denied.

*George F. Vanderveer, Bogle & Spooner,* and *Peters & Powell,* for petitioners.

*Roger S. Greene, Harold Preston, H. A. P. Myers,* and *Corwin S. Shank,* for objectors.

CROW, J.—This cause has heretofore been heard by this court on an appeal prosecuted from a judgment in mandamus, requiring the commissioners of King county to equalize a local improvement assessment levied in aid of the construction of the Lake Washington canal; and on May 28, 1910, in an opinion which states the issues (58 Wash. 511, 109 Pac. 350), a reversal of the judgment and a dismissal of the cause were ordered.    Respondent's petition for rehearing was thereafter denied, and on July 19, 1910, the remittitur from this court

[1]Reported in 112 Pac. 929.

was transmitted to the superior court of King county. On June 25, 1910, after the filing of the opinion, the Congress, in an act making appropriations for the construction, repair, and preservation of certain public works on rivers and harbors, and for other purposes (U. S. Stats. at Large, 1909-10, Ch. 382, at page 666), made the following appropriations:

"Puget Sound Lake Washington waterway: Continuing improvement by·the construction of a double lock, with the necessary accessory works, to be located at 'The Narrows,' at the entrance to Salmon Bay, in accordance with the project set forth in House Document Numbered Nine hundred and fifty-three, Sixtieth Congress, first session, one hundred and fifty thousand dollars; and the Secretary of War may enter into a contract or contracts for such material and work as may be necessary to complete said locks and accessory works, to be paid for as funds may be provided from time to time by law, not to exceed in the aggregate two million two hundred and seventy-five thousand dollars, including the amount herein appropriated: *Provided,* That before beginning said work, or making such contract or contracts, the Secretary of War shall be satisfied that King county, or some other local agency, will do the excavation in the waterway above the lock to the dimensions recommended in said project, and will also secure the United States from liability for any claims or damages on account of the grant made to James A. Moore or his assigns by the Act of Congress approved June eleventh, nineteen hundred and six, or on account of the lowering of the level of Lake Washington, raising the level of Salmon Bay, or any other alteration of the·level of any part of said waterway.

"Improving waterway connecting Puget Sound with lakes Union and Washington: For maintenance of improvement, five thousand dollars."

A certified copy of a resolution adopted by the commissioners of King county was received by the clerk of this court on October 5, 1910, filed herein, as follows:

"Be it Resolved by the Board of County Commissioners as Follows:—

"Whereas, on the 28th day of May 1910, the supreme court of this state rendered a decision in the case of the

state of Washington, on the relation of Thomas Burke and Frank Hunter, plaintiff and respondent, vs. this board and others, defendants and appellants, reversing the lower court on the ground that the United States government was not intending or proposing to construct or operate the Lake Washington canal; and,

"Whereas, since the filing of said decision the Congress of the United States has passed an act appropriating the sum of two million two hundred seventy-five thousand dollars ($2,275,000) for the construction of locks in said canal, and the respondent has filed a petition for a rehearing of the issue heretofore decided and of the other issues not decided; and,

"Whereas, that board is desirous of continuing the proceedings thereunder in co-operation with the United States government, if it can do so legally, but is reluctant to spend the public funds, or issue bonds under the provisions of said act or place liens upon the thousands of parcels of property embraced in the assessment rolls filed with said board, thereby clouding the title thereto and encumbering the transfer thereof, until *all* the issues in said cause affecting its right to take such further proceedings shall have been decided.

"Now, therefore, in order that the principal purpose of said appeal may be accomplished and this board may be guided in its further proceedings, and be saved a multiplicity of litigation over matters already before said court, the prosecuting attorney is directed to petition for a rehearing of *all* the issues involved in said cause.

"It is not the intent of this resolution or of this board to suggest as to how any point shall be or should be decided, but only to ask a reconsideration of all points having in view said subsequent legislation, in order that the board as a public tribunal shall be able to intelligently and advisedly govern its future proceedings.

"Dated this 18th day of July, A. D. 1910."

At the same time a stipulation between respondents' attorneys and the prosecuting attorney of King county, acting for and on behalf of appellants, was filed, whereby they in writing consented that the remittitur might be returned to this court, and the cause reconsidered. On October 21, 1910, this court, in pursuance of the stipulation entered an order recalling the remittitur and granting a rehearing. When the

cause came on for rehearing, other attorneys heretofore associated with the prosecuting attorney, who also represented other interested parties, appeared and contended that this court is without jurisdiction to recall the remittitur or grant a rehearing.

Citing *Wolferman v. Bell*, 8 Wash. 140, 35 Pac. 603, and *Ward v. Springfield Fire & Marine Ins. Co.*, 12 Wash. 631, 42 Pac. 119, they insist that a petition for rehearing having been heretofore denied, and the remittitur having been filed in the superior court, we have lost jurisdiction; that no further petition for rehearing can be filed or considered; that the term at which our final judgment was rendered has expired; that, if there be any limit of time within which this court would finally lose jurisdiction of the appeal herein, such time has long since passed; that no sufficient reason for recalling the remittitur has been shown; and that this court as an appellate tribunal cannot again acquire jurisdiction by stipulation of the parties. In *Wolferman v. Bell, supra,* we said:

"Courts of original jurisdiction generally have the power, for some time after a judgment has been rendered, to set it aside or modify it as legal circumstances may require. The time within which this may be done depends either upon statute or upon the common practice of the courts. Where the latter is the only guide the end of the 'term' has been the universal limit. Of course, if a judgment be void on its face, it may be ignored or attacked in any wise at any time; or, if it has been procured by fraud, it may be set aside on motion within the limited period, or an independent suit to that end may be maintained afterward. But after the time fixed by law, or the well established practice, a judgment which is neither void on its face nor affected by fraud in its procurement or want of jurisdiction, stands for absolute verity; and neither the court which rendered, nor the appellate court which has affirmed it, has jurisdiction to vacate, modify or otherwise affect it. This is the universal rule, and there are no exceptions to it."

In *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 676, 48 Pac. 406, and *Port Angeles Pac. R. Co. v. Cooke*, 38 Wash. 184,

80 Pac. 305, we held that a remittitur might be recalled, upon timely application, for the purpose of enabling this court to correct a mistake made in entering its final judgment. In the former case we said:

"The appellate court has inherent power to correct its judgment during the terms in which the judgment was entered. The respondent under our practice, has no notice of what the judgment is until it is remitted. The presumption must be that the judgment is entered in accordance with the opinion of the court, and it would be a hard and unjust rule to announce that, if by inadvertence or mistake the judgment should be entered not in conformity with the opinion, the respondent would have no redress. We think that in all jurisdictions, under a practice similar to ours, the court has power to recall the remittitur and enforce the judgment according to the opinion rendered in the case."

It is not contended that any such inadvertence has occurred or that any such mistake has been made by not entering judgment in conformity with the opinion heretofore filed in this cause. In fact, it seems to be conceded that the judgment actually entered was in accordance with, and was authorized by, the opinion. The primary purpose for now recalling the remittitur is that this court may determine what effect, if any, the act of Congress above quoted has on the right or duty of the county commissioners to proceed with the further consideration or equalization of the assessment already made, which is the subject-matter of this action. The objection that we are without jurisdiction to recall the remittitur, even upon the stipulation, must be sustained. When the appeal had been determined, the opinion filed, the petition for rehearing denied, and the remittitur transmitted to the superior court, our appellate jurisdiction ceased. Having ceased, it cannot, for the purpose of further considering the same appeal, be again invoked or conferred by an order recalling the remittitur predicated upon a stipulation of the parties. Consent is not sufficient to confer jurisdiction. 11 Cyc. 673.

The act of Congress above referred to, having been passed

after the filing of our former opinion, was not considered by us when the petition for rehearing was denied, and being without jurisdiction to further consider the appeal herein, we cannot and do not now express any opinion as to the effect of that act upon the right or duty of the county commissioners to further consider or now equalize the assessment heretofore made.

The application for a rehearing is denied, and it is ordered that the remittitur be again transmitted to the superior court of King county.

DUNBAR, C. J., RUDKIN, GOSE, MOUNT, PARKER, and CHADWICK, JJ., concur.

MORRIS, J., having been disqualified to act in the main case, took no part on this hearing.