[No. 21126.  Department One.  March 5, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Phoenix Mutual Life Insurance Company of Hartford et al., Plaintiffs,* v. THE SUPERIOR COURT FOR LINCOLN COUNTY, *Respondent.*[1]

[1] RECEIVERS (90, 91)—ACCOUNTING—REIMBURSEMENT OF EXPENDITURES—COUNSEL FEES AND COSTS.  Where a receiver did not appeal from an order upon his final report, directing payment of all the balance in his hands, but acquiesced therein, he is not entitled to further allowances incurred pending an appeal, for attorneys' fees and renewal of his bond, which he could have avoided by depositing the funds in the registry of the court; and the matter cannot be relitigated after the time for a rehearing has passed.

[2] SAME (95)—ACCOUNTING—LIABILITIES OF PARTIES OR PROPERTY.  Upon an appeal from a judgment allowing the final report of a receiver and ordering payment of a definite sum in his hands, without allowance for contingencies, a deficiency appearing on appeal, items of expense of the same kind and equal in rank must be met by prorating the funds remaining.

[3] APPEAL (498)—DECISION—RECALL OR RETURN OF REMITTITUR.  Upon affirmance of a judgment allowing a receiver's final report and directing the payment of a definite sum, the balance in the

[1]Reported in 264 Pac. 988.

receiver's hands, it is error for the remittitur to direct execution against the receiver, as on a personal judgment; and the remittitur will be recalled and the direction eliminated.

[4] COSTS (72)—ON APPEAL—APPORTIONMENT. No costs will be allowed either party where, on going down of the remittitur, neither offered or was willing to agree upon the proper judgment directed by the supreme court.

Application filed in the supreme court February 10, 1926, for a writ of mandamus to compel the superior court for Lincoln county, Sessions, J., to enter judgment as directed in the remittitur on appeal in receivership proceedings. Denied.

*Voorhees & Canfield,* for relator.
*Pettijohn & McCallum,* for respondent.

TOLMAN, J.—The relators in this proceeding seek a writ of mandate directing the superior court to enter what they conceive to be the judgment directed by this court in the case of *Campbell v. Nichols,* 145 Wash. 614, 261 Pac. 408.

The relators prepared and presented a form of judgment, and the receiver, J. E. Fraser, objected to its entry and presented to the superior court what he denominated a "final report," in which he set forth that, while the appeal in the former case was pending, he paid an additional annual premium on his official bond, amounting to fifty dollars, and that his attorneys rendered services in this court in the former case for which they have not been compensated. The receiver offered to pay to the relators $473.38, being the amount directed by this court to be so paid, less the fifty dollars expended as stated, and, in the event that the offer should not be accepted, prayed that the value of his attorneys' services in the former case in this court be fixed and ordered paid out of the money in his hands.

[1] The former decision was based upon the final report of the receiver and a final order of the superior court making disposition of all of the funds of the receivership. That order made no provision for contingencies and left nothing in the hands of the receiver undisposed of. The receiver did not appeal from that order, and manifestly acquiesced in its terms, which in effect destroyed the possibility of further allowances for expenses and attorneys' fees. Nor do we see any just cause for him now to complain. Since there was nothing to do but await the disposition of the appeal, the receiver might, with the consent of the trial court, have paid the funds in his hands into the registry of the court, and thus have avoided the necessity for continuing his bond in effect.

Our order in the former case was clear and in express terms, that the receiver pay the relators the exact and definite sum of $523.38. Nothing in the record tends to show any possibility of a mistake therein, and the time to petition for a rehearing having passed, the subject cannot now be relitigated.

[2] Relators, in the form of judgment which they presented to the superior court, not only provided that the sum just mentioned be paid to them by the receiver, but went further and provided that they "do have and recover of and from said J. E. Fraser, as receiver, the said respective sums aggregating the sum of $720.43, and that execution issue therefor."

Relators seem to contend, and the receiver seems to fear, that the provision just quoted would fix a personal liability upon the individual who is acting as receiver. However that may be, it would, in any event, require the receiver to pay the item of costs recovered by the relators in this court in the former case in preference to the allowances to the receiver and his attorneys, which is manifestly improper.

The costs allowed against the receiver in the former case were expenses of administering his trust, of the same kind and rank as his compensation and that of his attorneys, and there being funds in the receiver's hands only sufficient to pay the sum of the last two mentioned items in full, it is obvious that all three of these items must pro-rate in the distribution of the funds remaining. This seems so obvious, that we cannot conceive of a refusal of the superior court to so direct, if a request for such action had been made.

[3]    Attention is called to the words "and that execution issue therefor," contained in the remittitur sent down upon the disposition of the former case, and some argument is indulged in as to the effect and meaning of these words. We shall not follow that argument, because the words referred to, while contained in the printed form in common use by the clerk of this court, and applicable to the ordinary case, are not applicable here, and should have been stricken out.

The receiver, of course, is an officer of the court. He pays out money as directed by the court, and his obedience to the court's orders is to be enforced by proceedings as for contempt, or by action on his official bond, or both.

In *Pacific Coast Coal Co. v. Esary,* 92 Wash. 203, 158 Pac. 1003, it was said:

"Some contention is made that the judgment of this court for costs in favor of appellants should be regarded as a personal judgment against respondent and that he should be required to respond accordingly. This, manifestly, is not the law where a receiver has acted in good faith and in accordance with the orders of the court appointing him, which we are convinced is the case here. We conclude that the judgment is in effect only against him as receiver, and there being no funds remaining in the trust to pay the same, appellants are in the same position as any judgment creditor where the judgment debtor has no property."

Since the remittitur is in the nature of a writ of execution from this court, and since all courts have jurisdiction over all such writs issued by them, until fully executed, we, of our own motion, now recall the remittitur and strike therefrom the words, "and that execution issue therefor." And we direct the superior court to proceed, under the remittitur as amended and in accordance with the views herein expressed, to the full execution thereof.

[4] Relators having demanded a judgment in excess of their rights, the permanent writ of mandate will be denied. The receiver, having failed to offer to do that which he was required to do, stands in no better position before this court, and therefore neither party will recover costs against the other in this proceeding.

PARKER, FRENCH, and MITCHELL, JJ., concur.