GRACE KOSTEN, *Appellant*, v. INGLIS FLEMING *et al.*,
*Respondents.*[1]

[1]Reported in 136 P. (2d) 449.

*Riddell & Riddell,* for appellant.

*Kennett & Benton,* for respondents.

JEFFERS, J.—This matter is before us on a motion of respondents, Inglis Fleming and Mary Fleming, his wife, and C. Gordon Fleming, their son, to recall the remittitur issued on January 15, 1943, and to correct the judgment of the court contained therein, in so far as it directs the recovery of damages and costs against respondent C. Gordon Fleming, by striking therefrom all provisions for damages and costs against that respondent, and also to clarify the judgment by stating under what statute the trial court is to assess damages —that is, the state statute or the appropriate sections of the Federal emergency price control act—and to permit the trial court to hear such evidence as may be necessary to enable it to fix damages.

The remittitur above referred to was issued in the above entitled cause, which was instituted in the superior court for King county by Grace Kosten, as plaintiff, against Inglis Fleming and Mary Fleming, his wife, and C. Gordon Fleming, as defendants, for unlawful detainer. The complaint alleges a cause of action against all three defendants for unlawfully depriving plaintiff of possession of her property. Inglis Fleming and wife, in their answer, claimed the right to occupy the premises in question, under and by virtue of a lease. C. Gordon Fleming, by a separate answer, denied generally the allegations of the complaint, and, as an affirmative defense, alleged that he was the son of the other defendants, and that he now resides with his parents and for several years has paid for his room and board; that he disclaims any interest in the premises, or any right to the possession thereof.

On the issues raised by the pleadings, the cause came on for hearing before the court, and resulted in a judgment of dismissal in favor of defendants.

The trial court made and entered findings of fact and conclusions of law. In finding No. 3, the court set out the form of the "Notice to Terminate Tenancy," which was served on each of the defendants. This notice purported to terminate the tenancy on December 31, 1941. Finding No. 4 states the manner in which service of the notice was made on the three defendants. Then in finding No. 5 it is stated:

"That the defendants have continued in possession of the above described premises and refused to deliver possession thereof to the plaintiff."

Grace Kosten appealed from the judgment entered, and this court reversed the judgment of the lower court, remanding the cause with directions "to enter judgment in favor of appellant for restitution of the property and damages, as provided by statute." *Kosten v. Fleming*, 15 Wn. (2d) 523, 131 P. (2d) 170.

Respondents filed a petition for rehearing, which was denied on January 15, 1943, and on the same date this court entered a judgment, which, in so far as material, provides:

"Considered, adjudged and decreed, that the judgment of the said superior court be, and the same is hereby reversed, and the cause remanded with directions to enter judgment in favor of appellant for restitution of the property and damages, as provided by statute; and that the said Grace Kosten have and recover of and from the said Inglis Fleming and Mary Fleming, his wife, and C. Gordon Fleming the costs of this action taxed . . ."

After the judgment had been transmitted to the superior court, counsel for appellant presented to that court proposed findings, conclusions, and judgment. Among the findings proposed was the following:

"The defendants above named, and each of them, have continued in possession of said premises and are

now in possession of the same and refuse to deliver the possession thereof to the plaintiff."

The following conclusion of law, among others, was also proposed and presented to the trial court:

"That as a matter of law the defendants, and each of them, have been and are now guilty of the unlawful detainer of said premises; that the plaintiff ought to be put in the possession thereof, and that the plaintiff ought to have and recover of and from the defendants $780 as damages for the forcible detainer thereof for the calendar year 1942, together with damages at the rate of $65 per month for such period of time as the defendants shall continue to remain in possession thereof, together with the plaintiff's costs and disbursements herein to be taxed."

The judgment proposed was in conformity with the findings and conclusions, and was a judgment against all three defendants (which included C. Gordon Fleming).

Respondents state that the trial court expressed its intention of signing the proposed findings, conclusions, and judgment, unless this court corrects its judgment.

It is respondents' contention that, C. Gordon Fleming having by his answer and testimony disclaimed any interest in the premises or right to possession thereof, and having before the entry of a decree herein vacated the premises, a judgment against him for damages and costs is erroneous, and that this court should recall its remittitur and correct the same so as to exclude C. Gordon Fleming from any liability for damages or costs.

It is also contended by respondents that the emergency price control act supplants the state statutes in conflict therewith, and that, by order issued under the Federal act, the office of price administration froze rents in the area in which this property is located, effective as of June 1, 1942, and thereby established the

reasonable rental of such property to be fifteen dollars per month; that the maximum rent which could be charged for the premises subsequent to June 1, 1942, is fifteen dollars per month; that, under the Federal act, respondents could not be subject to any penalties for retaining possession of the premises during appellant's appeal.

Considering first that part of respondents' motion wherein it is claimed that C. Gordon Fleming was erroneously adjudged to be liable for damages and costs, we are of the opinion this contention cannot be sustained. The judgment of this court correctly held C. Gordon Fleming, as well as the other two respondents, to be liable for unlawful detainer of the premises, and therefore subject to a proper judgment for damages and costs, to the same extent as the other respondents.

The issues were well defined by the pleadings, so far as this respondent is concerned, and there is no question but that he had his day in court. Upon appeal to this court from the judgment entered by the trial court, one of appellant's assignments of error (No. 18) was that "the trial court erred in dismissing plaintiff's complaint as to defendant, C. Gordon Fleming." Respondents were advised that the question of the liability of C. Gordon Fleming was before this court, and this court had jurisdiction and authority to make and enter such judgment as it deemed proper as to the liability of C. Gordon Fleming. The argument of respondents that this court erred in entering the judgment it did against C. Gordon Fleming is, it seems to us, an attempt to again bring before this court a question already decided in the case.

This court has long recognized the rule that the remittitur, which is nothing more nor less than the judgment of this court, having been transmitted to the superior court, this court has lost jurisdiction of a case,

and cannot recall the remittitur, except in certain instances, to which attention will be called later. This general rule has been announced in a long line of cases decided by this court. We cite a few of them: *State ex rel. Burke v. County Commissioners*, 61 Wash. 684, 112 Pac. 929; *Peabody v. Edmonds*, 72 Wash. 604, 131 Pac. 250; *Gordon v. Hillman*, 102 Wash. 411, 173 Pac. 22; *Pacific Tel. & Tel. Co. v. Henneford*, 199 Wash. 462, 92 P. (2d) 214.

The general rule above announced, with some of the exceptions thereto, is stated in 5 C. J. S. 1560, § 1996, as follows:

"The rules most generally adhered to are that an appellate court is without power to recall a mandate regularly issued without inadvertence, fraud, prematurity, or misapprehension, and that it will not recall the mandate for the purpose of re-examining the cause on the merits, for the purpose of granting supplemental relief, for the purpose of changing the substance and effect of its final determination, because an alleged adverse party was not made a party to the appeal, or for the purpose of striking harmless surplusage from the judgment.

"The appellate court, however, may recall its mandate where it was inadvertently issued upon a misapprehension of the facts; for the purpose of allowing or refusing costs, where they were improperly denied or granted; where there are clerical errors, fraud, or imposition in the judgment; where the mandate does not conform to the judgment; where the lower court did not render the judgment called for by the mandate of the appellate court."

In 84 A. L. R. 579, the general rule is stated to be as follows:

"Though the courts are not agreed as to the exact time when an appellate court loses jurisdiction of a case (see 2 R. C. L. p. 265), it may be laid down as a general rule, subject to exceptions subsequently noted, that, after a case has been fairly submitted to an appel-

late court, and the court has regularly determined the issues involved and caused its judgment in conformity with such determination to be entered, and its judgment has been properly entered, and the case remanded to the lower court for such action as may be necessary, the appellate court thereafter has no power to reconsider, alter, or modify its decision. To require courts to consider and reconsider cases at the will of litigants would deprive the courts of that stability which is necessary in the administration of justice." (Then follow citations from almost every state and also from England.)

In *Ott v. Boring*, 131 Wis. 472, 110 N. W. 824, 111 N. W. 833, the court states the following reason for the rule:

"This apparently rests largely upon the doctrine that when that act is done the jurisdiction of the lower court, which has been suspended meanwhile, becomes re-established, and that both courts cannot have jurisdiction over the cause."

As to the reasons for the rule, see also 2 Cal. Jur. 1068, § 634, wherein it is stated, in substance, that, if the remittitur has been issued inadvertently, or some fraud has been practiced upon the appellate court and the opposite party, the court is not divested of jurisdiction, and may recall its remittitur and take such steps as may be necessary or proper in the circumstances. This is not done upon the principle of resumption of jurisdiction, but upon the ground that the jurisdiction of the court cannot be divested by an irregular or improvident order. In contemplation of law, an order obtained upon false suggestion is not the order of the court, and may be treated as a nullity.

We now desire to call attention to some of the cases which indicate the exceptions to the general rule recognized by this court.

In the case of *Wolferman v. Bell*, 8 Wash. 140, 35 Pac.

603, we denied a petition to modify a judgment of this court, stating:

"But after the time fixed by law, or the well established practice, a judgment which is neither void on its face nor affected by fraud in its procurement or want of jurisdiction, stands for absolute verity; and neither the court which rendered, nor the appellate court which has affirmed it, has jurisdiction to vacate, modify or otherwise affect it. This is the universal rule, and there are no exceptions to it."

In *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 676, 48 Pac. 406, while we denied a motion to modify a judgment of this court, we stated:

"The appellate court has inherent power to correct its judgment during the terms in which the judgment was entered. The respondent, under our practice, has no notice of what the judgment is until it is remitted. The presumption must be that the judgment is entered in accordance with the opinion of the court, and it would be a hard and unjust rule to announce that, if by inadvertence or mistake the judgment should be entered not in conformity with the opinion, the respondent would have no redress. We think that in all jurisdictions, under a practice similar to ours, the court has power to recall the remittitur and enforce the judgment according to the opinion rendered in the case."

In *Port Angeles Pacific R. Co. v. Cooke*, 38 Wash. 184, 80 Pac. 305, we granted a motion to recall the remittitur, and modified our judgment previously entered. In the opinion, we quoted with approval the above excerpt from *Titlow v. Cascade Oatmeal Co.*

The case of *State ex rel. Burke v. County Commissioners*, 61 Wash. 684, 112 Pac. 929, passed upon the right of this court to recall its remittitur to consider the effect of an act of Congress passed after the filing of our opinion in the case. In the course of the opinion, we stated:

"When the appeal had been determined, the opinion filed, the petition for rehearing denied, and the remittitur transmitted to the superior court, our appellate jurisdiction ceased. Having ceased, it cannot, for the purpose of further considering the same appeal, be again invoked or conferred by an order recalling the remittitur predicated upon a stipulation of the parties."

In the cited case, we recognized the right to recall a remittitur for the purpose of enabling this court to correct a mistake made in entering its final judgment.

Again, in the case of *Peabody v. Edmonds*, 72 Wash. 604, 131 Pac. 250, the *per curiam* opinion states:

"In this cause an opinion was filed on June 1, 1912 (68 Wash. 610, 123 Pac. 1018). The remittitur was sent down on July 3, 1912. Thereafter on March 6, 1913, the appellants filed in this court a motion to recall the remittitur in order that a further opinion may be filed directing and instructing the city council as to the manner in which a new assessment shall be cast, and advising them as to what interest shall be allowed on special warrants heretofore issued.

"This court lost jurisdiction of the cause when the remittitur went down. For the purpose of correcting a mistake, or enforcing its judgment, this court may recall a remittitur, if application therefor is made with due diligence."

In *Gordon v. Hillman*, 102 Wash. 411, 173 Pac. 22, we denied a petition to recall a remittitur for the purpose of vacating a judgment entered in the case. In the cited case, it was first contended this court had no jurisdiction to grant such a petition after the close of the term of court at which the decision was handed down. We stated there was no merit in this contention, as under Art. IV, § 2, of our constitution, this court is always open for the transaction of business, except on nonjudicial days. We referred to the case of *Post v. Spokane*, 28 Wash. 701, 69 Pac. 371, 1104, wherein it is stated:

"Upon satisfactory showing being made in this court, leave has been granted in some instances to attack judgments which have been affirmed here. We are not, however, aware of any published decision which shows such leave to have been granted. It is manifest that this court must reserve to itself the right to determine each particular case from the showing made, and no general rule can be announced as applicable to all cases. Certainly no permission can be granted to disturb the judgments affirmed or entered by this court unless it is made reasonably to appear that the ends of justice require it."

While this court, in *Gordon v. Hillman, supra,* referred to the case of *Post v. Spokane, supra,* we also quoted from *Peabody v. Edmonds, supra,* and cited *State ex rel. Burke v. County Commissioners, supra,* to the effect that this court lost jurisdiction of the cause when the remittitur went down, but that, for the purpose of correcting a mistake or enforcing its judgment, this court may recall a remittitur, if application is made with due diligence.

In *Morton Organ Co. v. Armour,* 179 Wash. 392, 38 P. (2d) 257, we granted an application to recall the remittitur for the purpose of requiring the trial court to enter a judgment in accordance with the judgment of this court, stating therein:

"If the judgment entered by the superior court is not in compliance therewith [the judgment of this court], we may, as timely application was made therefor, recall the remittitur and require the superior court to enter judgment conforming to the mandate. *Frye v. King County,* 157 Wash. 291, 289 Pac. 18."

The case of *State ex rel. Phoenix Mut. Life Ins. Co. v. Superior Court,* 146 Wash. 679, 264 Pac. 988, presents a different situation than was presented in the cases hereinbefore referred to. In the cited case, relators sought a writ of mandate in this court, directing the superior court to enter the judgment directed by

this court. We denied the writ, but upon our own motion we recalled the remittitur and struck from our judgment the words "and that execution issue therefor," and directed the superior court to proceed under the remittitur as amended. The decision proceeded upon the theory that in the cited case the words stricken should not have been in the judgment. This case can probably be supported on the theory that the words stricken were inadvertently placed or left in the judgment of this court.

In the early case of *Ward v. Springfield Fire & Marine Ins. Co.*, 12 Wash. 631, 42 Pac. 119, this court held it had no power to recall a remittitur to correct the record as made in the superior court, to show that appellant's notice of appeal had in fact been timely filed. In the cited case, it was sought to be shown by affidavits in this court that the record as made in the trial court was wrong.

However, in *Mathison v. Anderson*, 107 Wash. 617, 182 Pac. 622, we entertained a motion to recall a remittitur for the purpose of considering this court's jurisdiction to entertain the appeal. In the cited case, it appeared on the face of the record that the appeal was not timely, and we therefore dismissed the same. This decision comes within the rule that this court may recall the remittitur where it appears upon the face of the record that we never acquired jurisdiction of the appeal.

We think the cases cited have not only established the general rule hereinbefore set forth, but have also recognized that this court may recall its remittitur where it considers the judgment transmitted, because of inadvertent error, mistake, fraud, or lack of jurisdiction, was not in fact the judgment of this court, or where the lower court has entered a judgment not conforming to the mandate of this court.

■ We have also recognized the right of an aggrieved party to petition this court for permission to move against the judgment in the lower court, on statutory grounds, after the remittitur has been sent down. *Post v. Spokane, supra.*

In *Kath v. Brown,* 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084, we held that the trial judge had no jurisdiction to entertain a petition to vacate a judgment originally entered by the trial court, after an appeal therefrom to this court, an affirmance of that judgment by this court, and after the remittitur had gone down. In the cited case, we stated:

"When the judgment of this court affirming the judgment of the judge *pro tempore* was remitted to the lower court, it became in legal effect conclusive upon all the parties to the action in that court, unless recalled or attacked by permission first obtained upon proper showing here. This was not done."

We stated in *Richardson v. Sears,* 87 Wash. 207, 151 Pac. 504, that, after an appeal and remittitur, the trial court has no power to enter any judgment or decree in the cause other than that directed by the appellate court, and that, if a party to such judgment or decree desires to move in the superior court for a modification thereof, he must first obtain leave of this court so to do.

In the case of *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338, we held that this court will, upon a proper showing made within the year (from the time the original judgment or order was made), grant leave to apply to the lower court for the vacation of a judgment affirmed by this court, for all or any of the causes set forth in Rem. Code, § 303, or for any or all of the causes set forth in the chapter of the code included within §§ 464-473. In the cited case, we also held that the time during which the appeal was pending should not be counted as part of the time within which the applicant was required to move against the judgment.

In *White v. Donini*, 173 Wash. 34, 21 P. (2d) 265, we granted a petition filed in this court, requesting permission to petitioners to present to the trial court their motion for a new trial, or in the alternative their motion to reopen the case. We based our right to grant the relief demanded in the cited case on *Haaga v. Saginaw Logging Co.*, 170 Wash. 93, 15 P. (2d) 655; *State ex rel. Cross v. Superior Court*, 158 Wash. 46, 51, 290 Pac. 430; and *In re Shilshole Avenue, supra.*

While the case of *Haaga v. Saginaw Logging Co.*, *supra*, is often cited on this question, as a matter of fact the remittitur had not gone down in that case at the time a petition was filed in this court, which we stated manifestly looked to a hearing in the superior court under the statutory provisions relating to the vacation or modification of judgments. We held the petition was filed within the year, and was timely, and that the showing made in this court was sufficient to authorize this court to grant to petitioner leave to proceed in the superior court looking to their being accorded a new trial.

In the case of *Pacific Tel. & Tel. Co. v. Henneford*, 199 Wash. 462, 92 P. (2d) 214, we denied an application made in this court by appellants on May 16, 1939, for leave to present to the superior court for Thurston county a motion for an order vacating the decree entered by that court on May 9, 1938, which decree was, on appeal, affirmed by this court July 29, 1938. In the cited case, we stated that appellant's application did not cover any of the statutory grounds for the vacation of a judgment. We further stated:

"After a remittitur has been, by this court, sent to the superior court, this court has lost jurisdiction of the cause, save to compel the entry of a judgment in accordance with the mandate of this court, or to permit the filing of an application to vacate the judgment

on one of the statutory grounds, in the event such an application is seasonably presented."

After an examination of the authorities cited, and others to which reference has not been made, we are unable to conclude that respondents have shown that they come within any of the exceptions, in so far as their claim that respondent C. Gordon Fleming's liability should be less than that of the other respondents is concerned. The question of his liability was presented by issues in the case, and was brought before us by a proper assignment of error. The fact that respondents' counsel believes the matter was not adequately presented for our consideration, or that we might have erred in our decision, forms no proper basis for the recall of this remittitur. We may add that an examination of the record in this case shows ample justification for holding that respondent C. Gordon Fleming, as well as his parents, was guilty of unlawful detainer, and should be held in damages, as provided by the statutes of this state.

We are also of the opinion that the judgment of this court conformed to the opinion as filed in the case, and that the judgment was intended to, and did, hold C. Gordon Fleming, as well as the other respondents, liable for damages and costs.

Nor would it benefit respondents if we should consider this motion as one seeking permission to apply to the superior court for relief, as the motion does not contain or set up any statutory ground for attacking the judgment there entered or about to be entered. See *Pacific Tel. & Tel. Co. v. Henneford, supra.*

Referring now to the contention of respondents that the emergency price control act supplants the unlawful detainer statutes of this state, in so far as any liability of respondents for damages and penalties is concerned, we simply call attention to the fact that

this matter was fully presented in respondents' petition for rehearing and by us considered. Moreover, this is not a proper matter to be considered in a petition or motion to recall the remittitur. See *Pacific Tel. & Tel. Co. v. Henneford, supra,* and also *State ex rel. Burke v. County Commissioners, supra,* where we held the remittitur could not be recalled, even upon the stipulation of the parties, to consider the effect of a subsequent statute.

However, the Federal act herein referred to does not in any way affect the right of appellant to obtain possession of her property, or her right to obtain the relief granted by the unlawful detainer statutes for wrongfully withholding possession of the property. Appellant's demand for possession of the property was made, and her suit to enforce her rights instituted, long prior to the date the Federal act became effective.

For the reasons herein assigned, respondents' motion to recall the remittitur and correct the judgment of this court is denied.

SIMPSON, C. J., MILLARD, MALLERY, and GRADY, JJ., concur.