[No. 196-1. Division One—Panel 1. November 8, 1971.]

MARK J. REEPLOEG *et al., Respondents,* v. EVELYN D. JENSEN, *Appellant.*

*Thomas, Holman & Dawson* and *Paul W. Chemnick,* for appellant.

*Nelson & Lucas, Inc., P.S., Richard C. Nelson, Matsen, Cory, Matsen & Sprague, Clyde R. Cory, Jr.,* and *Joseph D. Murphy,* for respondents.

UTTER, J.—Evelyn D. Jensen appeals from a judgment forfeiting her vendee's interest as a contract purchaser. The question presented on appeal is whether the trial court's findings of fact support its conclusions of law that Miss Jensen's interest in the real estate contract should be forfeited. We hold they do not.

Evelyn Jensen purchased a 5-unit apartment house in

September, 1965, from Mark Reeploeg and his wife. A real estate contract was signed by the parties in which the vendee covenanted to pay taxes, to assume the risks of hazards and to maintain and repair the premises and avoid waste. The contract declared time was of the essence and allowed the seller to terminate the purchaser's rights in the property upon default in payment or failure to comply with any of the contract terms. It further provided no waiver of one default would constitute a waiver of any other.

During the life of the contract, the vendee was frequently late in paying the monthly installments. On July 24, 1968, she borrowed $5,500 from E. E. Henriksen and signed a note secured by a mortgage on her interest in the property. A notice of forfeiture was declared by the Reeploegs in mid-1966. The contract was reinstated by the vendors, however, when the payments were brought up to date.

By December of 1968, Miss Jensen was delinquent in payment of taxes in the sum of $299.58 and the November and December installments. On December 31, 1968, a severe freeze occurred breaking the water pipes in the building and causing serious damage to three of the apartment units. The plumbing leaks were repaired the next day; however, newly discovered roof leaks were found which had to be repaired before the premises could be restored. On January 3, 1969, Miss Jensen was served with a notice of intent to declare a forfeiture. The notice specified payments were in default for the months of

> November and December, 1968, January, 1969, and nonpayment of real estate taxes on the subject premises for the second half of 1968. Further breach of contract to which this notice applies is failure of the purchaser to keep the buildings and other improvements in good repair and not to permit waste thereof, which presently consists of extensive water damage to apartment units No. 407, 409 and 409½.

The notice specified the breaches must be cured by February 1, 1969. On January 31, Miss Jensen, through her attor-

ney, tendered payments in the amount of $1,000 to bring current all contract installments and real estate taxes to that date. The sum tendered was sufficient to make the payment for the month of February, as well.

The Reeploegs, through their attorney, refused to accept the tender on February 3, claiming the water damage to the apartments had not been repaired and the February payment had not been tendered. A declaration of forfeiture was then served.

The trial court found the damage to the premises from the broken pipes "persisted until approximately mid-March, 1969." The court further found that "there was no structural damage to the building and that the premises could not have been economically repaired prior to February 3, 1969, and that the defendant Jensen accomplished the repairs within a reasonable period of time." The findings also indicated that the tender on January 31, 1969, was sufficient to bring delinquent installments current and pay delinquent real estate taxes, but that it was refused because the premises were in disrepair and the sum included nothing for costs and attorneys' fees.

Subsequently, Miss Jensen offered to pay each succeeding monthly payment and at the time of trial tendered into court $2,521.13, a sum sufficient to pay all the payments due under the contract and all of the taxes. During the pendency of the action, it was found the defendant made an effort to correct the damage on the premises, but in so doing left unpaid contractors, two of whom had filed notices of materialmen's liens against the premises, and that an Internal Revenue Service lien and an unpaid judgment also existed against Miss Jensen.

The court, in its conclusions of law, held the Reeploegs had given Miss Jensen "sufficient and reasonable notice" and further that her "performance of her obligations as purchaser under the real estate contract up to and including the time plaintiffs gave Notice of Declaration of Forfeiture was insufficient to meet all of purchaser's obligations under the contract."

■ The right to declare a forfeiture is derived from the express agreement of the parties. Where time is made of the essence, these provisions have been enforced, but strict performance of the contract in this respect can be waived. Where late payments have been accepted, a temporary waiver of the clause making time of the essence occurs. Before a forfeiture for failure to make payments can be declared, notice of the intent to declare a forfeiture, giving a reasonable amount of time for the purchaser to perform, must be given. *Moeller v. Good Hope Farms, Inc.,* 35 Wn.2d 777, 782, 215 P.2d 425 (1950).

■ Forfeitures do not hold a favored position in our law and are never enforced in equity unless the right thereto is so clear as to permit no denial. *State ex rel. Foley v. Superior Court,* 57 Wn.2d 571, 574, 358 P.2d 550 (1961); *Dill v. Zielke,* 26 Wn.2d 246, 173 P.2d 977 (1946); *Jones v. Brandt,* 2 Wn. App. 936, 471 P.2d 696 (1970).

Absolute clarity is required in a notice of forfeiture. Authority to forfeit a vested right or estate should not rest in provisions whose meanings are uncertain and obscure and should only be found in plain and clear language whose unequivocal character may render its exercise fair and rightful. *Link v. Texas Pharmacal Co.,* 276 S.W.2d 903 (Tex. Civ. App. 1955). If language providing for a forfeiture is capable of two constructions—that against forfeiture should be followed. *Harford v. National Life & Cas. Ins. Co.,* 81 Ariz. 43, 299 P.2d 635 (1956).

A written notice of intent to declare a forfeiture dated January 3, 1969, was the only notice mentioned in the court's findings. This document demanded payment of delinquent contract installments, payment of delinquent taxes and repair of the premises by February 1, 1969. It nowhere refers to any sums owing for attorneys' fees and the failure to include a demand for attorneys' fees allegedly due in the written notice of intent to declare the forfeiture is a failure to state a condition of forfeiture in unmistakable terms. This precludes the Reeploegs from relying upon the failure

to pay attorneys' fees as a ground for the later declaration of forfeiture.

 The sole condition set forth in that notice of intent not met by the February 1 deadline was the failure to repair the premises by that date. This condition will be enforced by a court of equity only if it provides a reasonable time for Miss Jensen to accomplish the necessary repairs. *Moeller v. Good Hope Farms, Inc., supra.* The trial court's finding that the repairs could not have been economically made by February 1, 1969, and that the repairs were made within a reasonable time establishes, affirmatively, the notice of intent was defective in failing to provide a reasonable time for Miss Jensen to perform.

The trial court's conclusions of law, which decree the forfeiture, are premised upon its conclusion that sufficient and reasonable notice was given Miss Jensen and that she failed to meet the requirements set forth in the notice. The findings of fact do not support the conclusions of law and the judgment is reversed.

A question was raised in oral argument concerning the propriety of the action of another panel of this court in ordering a remittitur recalled in this case. We do not discuss this question inasmuch as counsel for all parties agreed this panel is bound on that question by the action of the court in entering its order on April 28, 1971.

This case is remanded to the superior court to determine and enforce the rights of the respective parties.

SWANSON and WILLIAMS, JJ., concur.

Petition for rehearing denied January 31, 1972.

Review granted by Supreme Court March 21, 1972.