[No. 42308. En Banc. November 16, 1972.]

MARK J. REEPLOEG *et al., Respondents,* v. EVELYN D. JENSEN, *Respondent,* E. E. HENDRIKSEN, *Petitioner.*

*Matsen, Cory, Matsen & Sprague, Clyde R. Cory, Jr.,* and *Joseph D. Murphy,* for petitioner.

*Paul W. Chemnick* (of *Thomas, Holman & Dawson*), for respondents.

*Riddell, Williams, Voorhees, Ivie & Bullitt,* amicus curiae.

ROSELLINI, J.—We have before us for review a decision of the Court of Appeals, Division One, Panel One, wherein that court reversed a judgment of the Superior Court for King County, forfeiting the rights of the respondent in a real estate contract. 5 Wn. App. 695, 490 P.2d 445 (1971). At the outset we are confronted with a jurisdictional question involving the power of the Court of Appeals to set aside one of its own decisions. The significant events which brought this question before the court are as follows:

On July 22, 1969, the superior court entered its judgment forfeiting the rights of the purchaser, the respondent Jensen, but giving leave to the petitioner Hendriksen,

who held a second mortgage on the property, to reinstate the contract by making good all of the seller's losses occasioned by the repeated defaults of the purchaser. On July 28, 1969, the respondent gave notice of appeal.

On January 29, 1970, the Court of Appeals notified her that it would move to dismiss the appeal for want of prosecution on March 6, 1970. On February 20, 1970, attorney John F. Dore wrote to the court stating that he had been retained to represent the respondent. The court thereupon struck the motion to dismiss. On April 8, 1970, the attorney gave notice of his withdrawal, and on April 13, 1970, the court notified the respondent that its second motion to dismiss would be set for hearing on May 15, 1970. On June 19, 1970, the appeal was dismissed for want of prosecution and the case was remitted to the superior court.

On July 10, 1970, the respondent, by her then attorneys, moved to recall the remittitur. This motion was set for hearing on September 25, 1970. Before that date, she telephoned the court, advising it that she was out of town and would be unable to attend the hearing. She asked for a continuance, which was granted, and the motion was reset for October 16, 1970. On that date, the motion was argued by counsel, who asked for a further extension of time within which to file briefs and presented to the court those arguments which they considered pertinent bearing on the propriety of their motion. Respondent Jensen also attended the hearing.

The motion to recall the remittitur was denied on October 16, 1970, and on November 2, 1970, the respondent petitioned this court for a writ of certiorari to review the order denying the motion to recall the remittitur. This court examined the record, heard arguments of counsel, and denied the writ, finding that the Court of Appeals had not abused its discretion in denying the motion.

On January 4, 1971, respondent Jensen, through counsel, again petitioned the Court of Appeals, to recall the remittitur. On February 23, 1971, the Court of Appeals, Division One, Panel Two, granted the motion upon certain conditions.

Although counsel for petitioner Hendriksen contended that the court lacked jurisdiction to recall the remittitur under these circumstances, no opinion was rendered upon this question.

The petitioner then applied to this court for a writ of prohibition or mandamus to restrain the action of the Court of Appeals. This application was denied by the Chief Justice, without prejudice to the right of the petitioner to raise the question involved at some later point in the litigation.

The respondent having met the conditions prescribed by the Court of Appeals, Division One, Panel Two, the case was set for hearing and was argued on October 5, 1971, before Division One, Panel One. On November 8, 1971, that panel filed its opinion, holding that the purchaser (respondent Jensen) was not in default at the time of trial and remanding the case for further action. Panel One refused to consider the question whether the court lacked power to recall the remittitur, being of the opinion that it had no jurisdiction to overrule another panel of the same court.

On January 31, 1972, a petition for rehearing was denied, and on March 21, 1972, we granted a petition for review.

■ It is the position of the petitioner that the Court of Appeals lost jurisdiction of this cause when the remittitur went down to the superior court, except for certain limited purposes which we will mention later; and if not then, that it lost jurisdiction when it denied a subsequent motion to recall the remittitur and that decision was affirmed by this court. We find merit in the second of these contentions. As far as the first is concerned, we note that the cause was remitted on the day that the order of dismissal was entered. Since, under CAR 15, a decision does not become final until 30 days after it is filed, assuming counsel have not stipulated to an earlier date, the cause was remitted prematurely. The first motion to recall the remittitur was filed on July 10, 1970, within 30 days after the decision to dismiss the action was entered, and was therefore timely under CAR 15, and can be treated as a motion to reconsider the order of dismissal.

At the hearing upon that motion, respondent Jensen was present and her position was argued by counsel of her choice. Presumably she had given her attorneys all of the information which she had regarding the case and they had informed themselves regarding those matters which had transpired during the course of the litigation and thereafter. The Court of Appeals listened to the arguments of counsel and determined that justice would not be served by recalling the remittitur. The action of that panel of the court was reviewed by this court upon certiorari and was affirmed, this court finding that there had been no abuse of discretion.

Under CAR 15, the order of dismissal thereupon became final.[1] The second motion to recall the remittitur was supported by an affidavit of the respondent in which she alleged that the delay in prosecuting her appeal was the fault of other persons (court personnel and her own attorneys). All of the events described in the affidavit, if true, occurred before the hearing on the motion to dismiss and the first motion to recall the remittitur. Presumably they were presented to the court in the arguments upon these motions, and if they were not, it must be presumed that the respondent and her attorneys chose not to mention them.

The respondent did not claim that the order of dismissal was obtained by fraud or was entered through mistake. There is no claim and no showing that the petitioner was in any way responsible for the failure of the respondent to prosecute her appeal with reasonable diligence. In short, the theory of the second motion to recall the remittitur was the same as that argued before this court on the

[1] "RULE 15  A decision of a panel shall become the final decision of the court of appeals:

"a. Upon stipulation of counsel to a date prior to thirty days after the decision is filed;

"b. If counsel do not stipulate to an earlier date, thirty days after the decision is filed unless a petition for rehearing is pending. When a petition for rehearing is denied, the opinion will become final twenty days thereafter unless a petition for review or an appeal is pending. An opinion will become final upon denial by the Supreme Court of a petition for review."

petition for a writ of certiorari to review the order of the Court of Appeals on the first motion—namely, that the court had abused its discretion in refusing to reinstate the appeal. The substance of her motion was a request that the court review its own prior decision that the action had been properly dismissed, a decision which had been affirmed by this court.

In regard to the power of this court to recall its own remittitur, we have said in *Kosten v. Fleming*, 17 Wn.2d 500, 505, 136 P.2d 449 (1943), quoting the general rule as stated in 84 A.L.R. 579:

"Though the courts are not agreed as to the exact time when an appellate court loses jurisdiction of a case (see 2 R. C. L. p. 265), it may be laid down as a general rule, subject to exceptions subsequently noted, that, after a case has been fairly submitted to an appellate court, and the court has regularly determined the issues involved and caused its judgment in conformity with such determination to be entered, and its judgment has been properly entered, and the case remanded to the lower court for such action as may be necessary, the appellate court thereafter has no power to reconsider, alter, or modify its decision. To require courts to consider and reconsider cases at the will of litigants would deprive the courts of that stability which is necessary in the administration of justice."

The respondent suggests that this rule is applicable only where the case has been heard on the merits. However, it was held in the very early case of *Ward v. Springfield Fire & Marine Ins. Co.*, 12 Wash. 631, 42 P. 119 (1895), that the rule applies where an appeal has been dismissed. In that case, this court dismissed the appeal on motion of the respondent, because the notice of appeal and appeal bond were not filed within the time limited by law, and thereafter, before the remittitur had gone down, the appellant petitioned the court to reinstate the appeal. After due consideration, that motion was denied and the remittitur was transmitted to the trial court. Twenty-one days after the remittitur was transmitted, the appellant filed a motion to recall the remittitur and to reconsider the order of dis-

missal and refusal to reinstate the appeal. The appellant offered affidavits to controvert the record and show that in fact the notice of appeal had been timely served.

After observing the rule that the record cannot be altered by proof made in the Supreme Court, but rather must be attacked in the court which made the record, this court said:

> But even if we had the power to correct the record, it is now too late. After the hearing of the motion to reinstate the cause and the transmission of the remittitur to the court below, the cause passed entirely from the control of this court. *Wolferman v. Bell,* 8 Wash. 140 (35 Pac. 603).

12 Wash. at 633.

The cases were reviewed in *Kosten v. Fleming, supra,* and we reaffirmed the rule that the court may not recall the remittitur, after it has been transmitted at the end of the time fixed by law or established practice, for the purpose of altering its judgment or decision. We recognized that the remittitur may be recalled if it is shown that the court had never acquired jurisdiction of the appeal and that it may be recalled where this court considers that the judgment transmitted, because of inadvertent error, mistake, fraud or lack of jurisdiction, was not in fact the judgment of the court, or where the lower court has entered a judgment not conforming to the mandate of this court.

In none of these situations does the court undertake to review and reconsider the merits of the judgment which has been remitted, unless that judgment was obtained by fraud, in which case it is viewed as a nullity.

As we said in *Kosten v. Fleming, supra,* we also have recognized the right of an aggrieved party to petition this court for permission to move against the judgment in the lower court, on statutory grounds, after the remittitur has been sent down. Cases so holding include *Pacific Tel. & Tel. Co. v. Henneford,* 199 Wash. 462, 92 P.2d 214 (1939), and *Post v. Spokane,* 28 Wash. 701, 69 P. 371 (1902). *See also* and *cf. State ex rel. Prentice v. Superior Court,* 86 Wash. 90, 149 P. 321 (1915).

*Gudmundson v. Commercial Bank & Trust Co.,* 160 Wash. 489, 498, 295 P. 167 (1931), was a case in which permission had been obtained in this court to move against a judgment of dismissal which had been entered on remand after an earlier appeal. When the trial court refused to vacate the judgment, a second appeal was taken, and the appellants attempted to obtain a favorable ruling upon a question which had been argued on their petition for rehearing on the first appeal. This court held that its order denying the petition for rehearing was res judicata of all issues which were before the court at that time. We said:

> The denial of the petition for rehearing was the end of the case, and of all matters in issue or which might have been litigated therein. Though we did not file a written opinion, we considered, a second time, all the questions raised, and, in denying the petition, the cause was thereby determined, and all of the questions presented in that case are at rest forever.

We think the principles which have governed this court in determining its own jurisdiction are applicable to the Court of Appeals. The public policy which dictates that there should be a determinable point at which litigation ceases is as applicable to the one as to the other. We hold, therefore, that those rules which we have laid down pertaining to the powers of this court after its orders and decisions become final apply with equal force to the decisions and orders of the Court of Appeals.

In the case before us, the notice of appeal had been on file with the Court of Appeals for more than 5 months, when that court first moved to dismiss the appeal. Further extensions of time were granted, without any further steps being taken to perfect the appeal, and the motion was again noted and was finally heard more than 3 months later. At that hearing, the respondent was represented by counsel and had the opportunity to present to the court all of the facts which she considered relevant to the issue of her diligence and to impress upon it the extent of the loss which she would suffer if the appeal were dismissed.

Presumably the court considered these facts and the arguments of her counsel, as well as the arguments of opposing counsel, before it determined that to permit a further delay, which the respondent asked, would not serve the ends of justice. After hearing these arguments, it entered its order of dismissal.

When the respondent first petitioned the Court of Appeals to recall the remittitur, that court was called upon to consider again the question which had been before it on the motion to dismiss. It adhered to its former decision. The respondent then had an opportunity to present all of her arguments to this court on her petition for a writ of certiorari. This court determined that the Court of Appeals had not abused its discretion in denying the respondent's petition to recall the remittitur.

When that decision was made by this court, the issue was laid to rest, the order of dismissal became final, and the Court of Appeals was without jurisdiction to again consider the propriety of its issuance. Nevertheless, a panel of that court reconsidered, overruled and set aside that order. This was the effect of its action in recalling the remittitur and setting the case for hearing on the merits. All of the arguments and facts which were before the court at that time were or could have been presented upon the earlier hearings. It must be conclusively presumed that all matters which were brought to its attention upon that application had been before it at the earlier hearings and had been found insufficient to warrant the reinstatement of the appeal.

It is our conclusion that the order of dismissal became final when this court denied the respondent's petition for a writ of certiorari to review the denial of her motion to recall the remittitur, and that thereafter the Court of Appeals lacked power to reconsider the order. Consequently, the order recalling the remittitur and the judgment thereafter entered on the merits were void.

While we do not review the merits of the controversy, we note that the superior court, in reaching its decision

that the contract should be forfeited, considered the relative equities of the parties and particularly took into account the apparent inability of the respondent to perform her contract obligations. While that court might have given the respondent a period of grace in which to pay the contract balance,[2] there is no claim that she would have been able to take advantage of this opportunity. In fact, the record shows that petitioner Hendriksen, the holder of the second mortgage, who was given the right to reinstate the contract upon making the vendors whole, offered to assign his interest to the respondent if she would reimburse him for the amount he had expended. This offer was not accepted. The record also shows that the respondent was indebted to the second mortgagee for an amount almost equal to her investment in the property and that the property produced income which exceeded the amount of the monthly payments. These matters, as well as the delays caused by the respondent, and the worry and expense of litigation, to which the vendors and the second mortgagee have been subjected, were undoubtedly given considerable weight by the Court of Appeals when it dismissed the appeal and when it refused to set aside that dismissal upon the respondent's petition.

The judgment of the Court of Appeals, Division One, Panel One, is reversed and the order of dismissal is reinstated.

HAMILTON, C.J., FINLEY, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., and TUTTLE, J. Pro Tem., concur.

Petition for rehearing denied January 23, 1973.

---

[2]See State ex rel. Foley v. Superior Court, 57 Wn.2d 571, 358 P.2d 550 (1961), wherein we recognized that it would be inequitable to deny forfeiture where the vendee's financial condition is such that there is little prospect that he will be able to make his future payments promptly and regularly, unless he offers to pay the entire balance due upon the contract, as the vendee did in that case.